HENRY HOWARD CAIRNS, Jr., Appellant, *v.* SHERIFF, CLARK COUNTY, NEVADA, Respondent.

No. 7154

March 29, 1973                    508 P.2d 1015

*George H. Spizzirri,* of Las Vegas, for Appellant.

*Robert List,* Attorney General, Carson City; *Roy A. Woofter,* District Attorney, and *Charles L. Garner,* Deputy District Attorney, Clark County, for Respondent.

**OPINION**

*Per Curiam:*

The Clark County Grand Jury returned an indictment charging appellant with the sale of narcotics, a violation of NRS 453.030 and NRS 453.210(2). He sought pre-trial habeas relief in the district court contending a violation of his constitutional rights because (1) of the policy of the law enforcement officers in granting immunity from prosecution to those arrested for narcotic violations who became "informers," and (2) the prosecution was initiated by indictment rather than by information. From a denial of habeas relief, this appeal.

1. Appellant's contention that his Fourteenth Amendment rights of equal protection were violated stems from the fact that some persons charged with the identical offense were granted immunity from prosecution if they informed on three other narcotic offenders. Appellant cites no authority to support this proposition.

The contention is untenable. Seemingly, it is the thought of appellant that the offer of immunity conditioned on becoming an informant operates as a purposeful discrimination against him and thus deprives him an equal protection of the law. Even if we concede that the state has failed to prosecute law violators who have agreed to become informers, this does not either constitute an unlawful administration of the statute or evidence of intentional or purposeful discrimination against appellant. The matter of the prosecution of any criminal case is within the entire control of the district attorney, NRS 173.-045, NRS 252.110, and the fact that not every law violator has been prosecuted is of no concern to appellant, in the absence of an allegation and proof that he is a member of a class being prosecuted solely because of race, religion, color or the like, or that he alone is the only person who has been prosecuted under the statute. Without such charges, his claim cannot come within the class of unconstitutional discrimination which was found to exist in Yick Wo v. Hopkins, 118 U.S. 356

(1886), and McFarland v. American Sugar Co., 241 U.S. 79 (1916). See Snowden v. Hughes, 321 U.S. 1 (1944) and cases cited therein.

2. Appellant's contention that he was denied due process and equal protection because the prosecution was initiated by indictment rather than by information is equally without merit. He argues that when an accused is charged by indictment that basic rights which are afforded at a preliminary hearing, such as the right (a) to counsel, (b) to confront and cross examine the witnesses who must be named on the information and (c) to present evidence, are lost. He also urges there are no standards to guide the prosecutor in selecting between the two alternative procedures.

The use of indictments in all cases warranting serious punishment was the rule at common law, Smith v. United States, 360 U.S. 1 (1959), and is required in certain federal prosecutions by the Fifth Amendment of the federal Constitution. It is the rule in this state, however, that felonies may be prosecuted by either indictment or information. Nev. Const. art. 1, § 8; NRS 173.015 et seq., NRS 252.110; cf. NRS 453.200. The statutory provisions are amply sufficient to protect an accused from unfounded accusations. United States v. Hocker, 268 F.Supp. 864 (D. Nev. 1967), aff. 394 F.2d 169 (9th Cir. 1968), cert. denied 392 U.S. 944 (1968). Although there are differences between the two procedures, an accused who is proceeded against by an indictment is not denied due process or equal protection. It similarly does not violate due process to initiate a prosecution by an information rather than an indictment. Hurtado v. California, 110 U.S. 516 (1884); Morford v. Fogliani, 82 Nev. 79, 411 P.2d 122 (1966). See Jackson v. State, 84 Nev. 203, 438 P.2d 795 (1968).

Affirmed.