288

BOBBY LEE MOORE AND SHERRY ANN BANKS, APPELLANTS, v. SHERIFF, CLARK COUNTY, NEVADA, RESPONDENT.

No. 7146

July 2, 1973          511 P.2d 1046

*Morgan D. Harris,* Public Defender, and *Martin R. Boyers,* Deputy Public Defender, Clark County, for Appellants.

*Robert List,* Attorney General, Carson City; *Roy A. Woofter,* District Attorney, *Charles L. Garner* and *Larry Leavitt,* Deputy District Attorneys, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellants, charged with three counts of robbery (NRS 200.380), and three counts of battery with intent to commit robbery (NRS 200.400), appeared in the justice court at 2:00 o'clock p.m. September 28, 1972, for a scheduled preliminary examination. When their case was called, the deputy district

attorney orally announced that the state was not prepared to proceed and requested a continuance. The magistrate refused the request and dismissed the complaint.

Earlier on the same day another deputy district attorney had submitted the identical charges to the Clark County Grand Jury. An indictment was returned and filed at 2:01 o'clock p.m. September 28, 1972.

A pre-trial habeas challenge to the indictment was denied and in this appeal appellants contend (1) that once the charges had been filed in the justice court they had a vested right to a preliminary examination and, (2) the dismissal of the charges in the justice court proscribes their prosecution by indictment.

1. The contention of a vested right to a preliminary examination is refuted by our recent decision in Cairns v. Sheriff, 89 Nev. 113, 508 P.2d 1015 (1973).

2. The thrust of appellants' argument in support of their second contention suggests the conduct of the district attorney's office is equivalent to the "conscious indifference to rules of procedure affecting a defendant's rights" we condemned in State v. Austin, 87 Nev. 81, 482 P.2d 284 (1971), and the "willful disregard" of appellant's rights that existed in Hill v. Sheriff, 85 Nev. 234, 452 P.2d 918 (1969), and in Maes v. Sheriff, 86 Nev. 317, 468 P.2d 332 (1970).

The same argument was considered and rejected by the district court, and in the record before us, we find no error in its factual determination that the state had not exhibited the willful disregard of, or conscious indifference to, the rights of an accused that existed in *Hill, Maes* and *Austin.*

Affirmed.