WILLIAM TERRELL MATHEWS, Appellant, *v.* STATE OF NEVADA, Respondent.

No. 8018

October 30, 1975                    541 P.2d 906

*Horace R. Goff,* State Public Defender, and *J. Thomas Susich,* Deputy Public Defender, Carson City, for Movant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *Dan M. Seaton,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Pursuant to a judgment of conviction and sentence in the Eighth Judicial District, Clark County, William Terrell Mathews is incarcerated in the Nevada State Prison. An appeal from the judgment is in progress.

Mathews had been represented by private counsel during trial, and in the early stages of the appeal; however, when Mathews' financial resources were depleted, the office of the state public defender was appointed to continue the appeal.

The matter is before us at this time on motion of the State Public Defender to be relieved of the appointment because, he contends, representation of Mathews, in this instance, is not one of his statutory duties. We agree.

The office of the state public defender was created to provide competent legal representation for eligible indigents in the Nevada counties which did not have their own public defender system. See Stats. of Nev. 1971, ch. 622, p. 1410 et seq., which has been codified as NRS ch. 180.

The duties of the state public defender are delineated in NRS 180.060; and, § 3 of that statute contemplates, among other things, that, in counties which have a public defender, the state public defender is only required to prepare and present appeals in post-conviction proceedings.

The duties of county public defenders are set forth in NRS 260.050, and § 2 of that statute contemplates that county public defenders shall represent all eligible indigents at all stages of all appeals, except the post-conviction proceedings specified in NRS 180.060(3).

Under NRS ch. 260, when an eligible indigent takes an appeal from a judgment of conviction in counties having a public defender system, the appeal must be handled by the county public defender; except, of course, in those cases where the county defender cannot act or is otherwise disqualified; and, in such cases, private counsel should be appointed, pursuant to NRS 171.188 and, at the appropriate time, be compensated, as authorized by NRS 7.260.

Accordingly, we conclude the State Public Defender has no duty or responsibility to represent William Terrell Mathews in this direct appeal from the judgment of conviction. The motion to be relieved as counsel is granted; and, the Clark County Public Defender is hereby appointed to represent William Terrell Mathews in this appeal. Said counsel may, on or before November 24, 1975, serve and file a supplemental and/or reply brief. NRAP 2.

It is so ORDERED.