## THE STATE OF NEVADA, Appellant, *v.* LOUIE CARREA MAES, Respondent.

No. 8898

February 3, 1977             559 P.2d 1184

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *Frank J. Cremen,* Deputy District Attorney, Clark County, for Appellant.

*Morgan D. Harris,* Public Defender, and *Stephen L. Huffaker,* Deputy Public Defender, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Respondent Louie Carrea Maes was accused of the crime of rape by criminal complaint dated December 12, 1975. On January 8, 1976, prior to a preliminary hearing scheduled for January 14, an indictment was returned by the Clark County Grand Jury intended to supplant the complaint but charging the exact offense described therein. Pursuant to this superimposition of the indictment, the complaint was dismissed. The defendant, maintaining that he had a right to the preliminary hearing, appealed the dismissal and later filed a motion to dismiss the indictment in the District Court.

In previous proceedings before the Justice Court, defense counsel had made specific mention of various inadequacies which he considered to be sufficiently present in the prosecution's case to prevent a finding of probable cause at a preliminary hearing. The institution of the indictment process after these representations was considered by the District Court judge to be a "contemptible procedure" on the part of the District Attorney. Consequently in the oral argument of the State's motion to dismiss the appeal, that motion was denied and the case was remanded to the Justice Court for the purpose of holding a preliminary hearing. The indictment was quashed and the action dismissed, all as clarified by written order filed April 21. The State has appealed asking this court to reinstate the indictment.

Under Article I, Section 8, of the Nevada Constitution, and NRS 173.015 et seq., the State may proceed against a defendant either by indictment or information. This court has upheld the right of the prosecutor to elect to proceed by indictment even though proceedings by information may be pending. Moore v. Sheriff, 89 Nev. 288, 511 P.2d 1046 (1973); Tertrou v. Sheriff, 89 Nev. 166, 509 P.2d 970 (1973); Hall v. Sheriff, 86 Nev. 456, 470 P.2d 422 (1970); Tellis v. Sheriff, 85 Nev. 557, 459 P.2d 364 (1969). We have previously ruled that there is no vested right to a preliminary hearing. Moore v. Sheriff, 89 Nev. at 289, 511 P.2d at 1046–47, citing Cairns v. Sheriff, 89 Nev. 113, 508 P.2d 1015 (1973). In Tertrou the indictment was allowed to replace the criminal complaint even though a portion of the preliminary hearing had in fact been conducted. There can be no exclusivity of one process over the other simply because it was instituted first. We therefore uphold the validity of this indictment subject only to claims of prosecutorial abuse.

The judge below founded his order quashing the indictment on the "contemptible procedure" of the District Attorney in seeking an indictment after purportedly learning for the first time of various infirmities in the case which may have precluded a finding of probable cause sufficient to support the criminal complaint. Defense counsel chose to make in open court and within the hearing of the prosecution certain representations concerning defense strategy which it is contended prompted the indictment. However, the initiation of the indictment process with that knowledge cannot be categorized as an abuse of the power vested in the prosecution. It can neither be categorized as "conscious indifference to rules of procedure affecting a defendant's rights." State v. Austin, 87 Nev. 81, 83, 482 P.2d 284, 285 (1971), or the willful neglect thereof. Maes v. Sheriff, 86 Nev. 317, 468 P.2d 332 (1970); Hill v. Sheriff, 85 Nev. 234, 452 P.2d 918 (1969). The quashing and dismissal of the indictment on this ground was therefore improper and the indictment should be reinstated.

Accordingly, this court reverses the order of the trial court and remands this case for the reinstatement of the indictment.

Reversed and remanded with directions to reinstate the indictment.