ARNOLD HYLER, Appellant, *v.* SHERIFF, CLARK COUNTY, NEVADA, Respondent.

No. 9983

November 17, 1977                    571 P.2d 114

*Morgan D. Harris,* Public Defender, and *George E. Franzen,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *H. Leon Simon,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Arnold Hyler was accused of the sale of a controlled substance (NRS 453.321; NRS 453.171) by a criminal complaint dated February 26, 1975. Due to various delays and continuances, none of which were initiated by the State, preliminary

examination was ultimately rescheduled for May 24, 1976. Prior to that date, on April 15, 1976, a True Bill by the Clark County Grand Jury resulted in an indictment charging Hyler with the exact offense charged in the criminal complaint. As a result of the indictment's filing, the complaint was dismissed on motion by the district attorney.

Hyler then challenged the indictment with a pretrial petition for writ of habeas corpus contending: (1) the institution of the grand jury process constituted an abuse of prosecutorial power; (2) the prosecution failed to present exculpatory evidence to the grand jury; (3) the prosecution did not instruct the grand jury on the law; and, (4) there was insufficient evidence to establish probable cause to hold him for trial because there was no positive proof that the crime charged was committed in Clark County, Nevada. The district judge rejected these challenges and in this appeal the same contentions are reasserted.

1.   In Nevada a felony may be prosecuted by indictment or by information. Cairns v. Sheriff, 89 Nev. 113, 508 P.2d 1015 (1973). Absent an abuse of power vested in the prosecutor, the State may proceed against an accused by indictment even though a charge involving the same offense is pending in the justice court. State v. Maes, 93 Nev. 49, 559 P.2d 1184 (1977).

Relying on Routhier v. Sheriff, 93 Nev. 149, 560 P.2d 1371 (1977), Hyler contends the grand jury proceedings constituted prosecutorial abuse because it deprived him of the right to interrogate a police informant at the preliminary examination.

In our view, *Routhier* is inapposite. Except for Hyler's unsupported allegation, there is nothing in the record to indicate that the grand jury proceedings were instituted merely to deprive him meaningful access to the witness. Under these circumstances, we perceive no abuse of prosecutorial power. *Cf.* State v. Maes, *supra.*

2.   Next Hyler argues the prosecutor should have advised the grand jury of the informant's participation in the transaction and of possible exculpatory evidence. The record discloses the grand jury was told of the informant's participation. Further, we have not been directed to nor have we been able to find any demonstrative facts establishing the existence of

exculpatory evidence which should have been brought to the grand jury's attention pursuant to NRS 172.145.[1]

3. The third contention is without merit because it is not mandatory for the prosecuting attorney to instruct the grand jury on the law. Phillips v. Sheriff, 93 Nev. 309, 565 P.2d 330 (1977).

4. The last contention is also rejected. Where, as here, " 'it can be concluded from the evidence as a whole that the act was committed at the place alleged,' " the absence of positive proof that the alleged crime occurred at a specific place does not render the proceedings defective. Najarian v. Sheriff, 87 Nev. 495, 496, 489 P.2d 405 (1971). *See also* Dixon v. State, 83 Nev. 120, 424 P.2d 100 (1967).

Affirmed.

___

[1]NRS 172.145 provides:

"The grand jury is not bound to hear evidence for the defendant. It is their duty, however, to weigh all evidence submitted to them, and when they have reason to believe that other evidence within their reach will explain away the charge, they must order such evidence to be produced, and for that purpose may require the district attorney to issue process for the witnesses."