WILLIE GEORGE JUNIOR, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 21525

March 6, 1991                                    807 P.2d 205

---

*Morgan D. Harris,* Public Defender and *Robert B. Amundson,* Deputy, Clark County, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Rex Bell,* District Attorney and *James A. Tufteland,* Deputy, Clark County, for Respondent.

## OPINION

*Per Curiam:*[1]

This is an appeal from a judgment of conviction, pursuant to a bench trial, of three counts of being under the influence of a controlled substance. The district court sentenced appellant to a total of twelve years in the Nevada State Prison. Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

---

[1]This appeal was previously dismissed in an unpublished order. Pursuant to a request, we have determined that our decision should be issued in a published opinion. Accordingly, we issue this opinion in place of our order dismissing this appeal filed December 27, 1990.

While on parole for a drug related offense, appellant submitted samples of his urine to his parole officer on March 7, 1990, April 7, 1990, and April 24, 1990. These tests were mandatory under appellant's parole agreement; appellant "voluntarily" submitted to these tests only in the sense that the samples were not taken by physical force, but were agreed to as a condition of parole and were compelled by the threat of revocation of parole. Appellant's parole agreement also expressly provided that appellant was not to take any illegal drugs while on parole.

Appellant's first urine sample tested positive for marijuana, and the second and third samples tested positive for cocaine. Appellant was ordered to participate in a treatment program, which he successfully completed. Nevertheless, appellant then absconded, and a warrant was issued for his arrest. Following his arrest, the district attorney charged appellant with three counts of being under the influence of a controlled substance. Appellant waived his right to a jury trial, and the matter was tried to the district court. This appeal followed the district court's entry of a judgment of conviction of three counts of being under the influence of a controlled substance.

Appellant contends that the state cannot base a felony drug charge against a parolee on the results of tests of urine samples that the parolee was compelled to provide pursuant to a parole agreement. Appellant asserts that a parolee has a fourth amendment privacy interest in his bodily fluids, and that use of the samples for any purpose other than to revoke parole is a violation of the fourth amendment.

Appellant argues that if the parolee were to refuse to submit to a test, the parolee would be subject to revocation proceedings only, but could not be subjected to involuntary drug testing unless the parole officer had probable cause to believe a crime was being committed. Appellant acknowledges that urine samples are not testimonial in nature, but argues that urine samples cannot be taken by force without probable cause. *See* Schmerber v. California, 384 U.S. 757 (1966).

Appellant asserts that, if a parole officer has probable cause to believe that a parolee is under the influence of illegal drugs, the parole officer should read the parolee his *Miranda*[2] rights before the parolee submits to a test. Otherwise, according to appellant, the parole officer should not be allowed to use a urine sample taken pursuant to a parole agreement for purposes of an independent felony charge.

Appellant asserts that parole officers have a dual role under Nevada law; as parole officers and as peace officers. Appellant

---

[2]*See* Miranda v. Arizona, 384 U.S. 436 (1966).

contends that when they act as parole officers, the evidence they obtain cannot be used in their role as peace officers. These contentions lack merit.

Appellant has not cited any relevant authority for the proposition that evidence of an independent felony offense obtained by a parole officer in his official capacity cannot be used in a subsequent prosecution for the offense, and we are aware of none.[3]

Further, appellant has conceded, as he must, in his reply brief. that he had no legitimate expectation of privacy in his urine sample. Indeed, the purpose of requiring a parolee to submit to drug testing is to insure that additional crimes are not committed. Release on parole is not a license for a parolee to engage in crime shielded from prosecution.

Also, as a parole officer and a peace officer, a parole officer's duties include the detection and prevention of crime. A parolee cannot expect that his parole officer will ignore evidence that the parolee has engaged in crime. Nor does a parolee have a reasonable expectation that criminal conduct will result only in revocation of parole and not in further criminal prosecution.

Appellant contends that, just as the state recognizes the existence of a privileged relationship between a husband and wife, a doctor and patient, a lawyer and client or a priest and confessor, the state should recognize the special privileged relationship between a parolee and his parole officer. Appellant bases this assertion of privilege on NRS 213.1098, which provides:

> All information obtained in the discharge of official duty by a parole and probation officer or employee of the board shall

---

[3]*Miranda* and *Schmerber* are not even remotely related to the situation in this case. The same is true of every other authority cited to this court by appellant. Appellant asserts that no other state bases a felony charge of being under the influence of a controlled substance on a sample of bodily fluid taken from a parolee pursuant to a parole agreement. Appellant relies for this assertion on the affidavit of his counsel that counsel contacted parole officers in several western states and they indicated that no such charges would be filed under the circumstances of this case. The affidavit in question does not in any sense support the assertion of appellant that no other state would prosecute a parolee for crimes committed while on parole. At best, the affidavit supports the conclusion that the particular parole officers polled would not submit for prosecution a parolee who provides a dirty urine sample. We deem this dubious authority for the proposition that we should order the state to ignore appellant's criminal conduct while he is on parole.

be privileged and shall not be disclosed directly or indirectly to anyone other than the board, the judge, district attorney or others entitled to receive such information, unless otherwise ordered by the board or judge or unless necessary to perform the duties of the department.

Appellant contends that the only persons entitled to receive the information are those involved in the administration of the parole in question. Thus, appellant argues that it is improper to disclose information obtained from a mandatory urine sample for the purpose of a subsequent felony prosecution unrelated to the parole.

Again, appellant cites no authority for this novel proposition, and we are aware of none. NRS 213.1098 creates no privilege between a parolee and a parole officer. Instead, NRS 213.1098 simply requires a parole officer to respect the privacy interests of the parolee except where it is necessary to the completion of the officer's duty to disclose the information obtained from a parolee. A parole officer is a peace officer, and has a duty to prevent the commission of crime. Nothing in NRS 213.1098 precludes the state from using information legitimately obtained by a parole officer in the prosecution of a separate crime.

Appellant argues that allowing this decision to stand will give a message to all parolees that they should view their parole officers as police officers. Appellant suggests that parolees will not be willing in the future to submit to drug tests required by their parole agreements. Appellant asserts that a parolee is placed in a dilemma, because he must choose between submitting to a test which may reveal the presence of illegal drugs, or having his parole revoked. We do not find these arguments persuasive. If a parolee refuses to submit to a test, his parole will be revoked. Thus, we perceive little danger that parolees will refuse to submit. Further, the parolee's dilemma is easily solved; the parolee can refrain from the commission of crime, and can submit a clean sample.

Appellant contends that his fourteenth amendment right to equal protection has been violated. Appellant argues that it is impermissible to select individuals for prosecution based on arbitrary classifications. Appellant asserts that the state has impermissibly selected parolees who submit urine samples showing drug use as a class for prosecution. With absolutely no statistical evidence to support his assertions, appellant argues that others who submit urine samples indicating drug use, such as athletes or employees who are required to submit to drug testing, are not prosecuted for their crimes. Finally, appellant argues that,

because there are no written standards determining when a parolee who provides a dirty urine sample will be prosecuted for a separate felony, the system is fundamentally unfair.

Assuming, *arguendo,* the truth of appellant's dubious assumption that the district attorney does not file charges against other individuals who test positive for illegal drug use, the selection of particular cases for prosecution is within the discretion of the district attorney. The exercise of that discretion, unless based on some impermissible criteria such as race or religion, does not violate a particular defendant's right to equal protection. *See* Cairns v. Sheriff, 89 Nev. 113, 508 P.2d 1015 (1973). Parolees are not members of any discrete and insular minority in need of special protection. It is not arbitrary to require parolees to submit to drug testing. When the state legitimately obtains evidence of a crime, the state acts reasonably when it prosecutes the criminal. Thus, appellant's contention lacks merit.

Having concluded that appellant's contentions lack merit, we affirm the judgment of the district court.

