Juan **RINCON–PEREZ**, Plaintiff—Appellant,

v.

**CITY OF SPARKS**; John Dotson; Brent Lee; Dorothy Thomas; Roger Whomes, Defendants—Appellees.

No. 02–16729.

D.C. No. CV–00–00447–HDM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 4, 2003.

Decided Jan. 9, 2004.

James Andre Boles, Esq., Law Office of James Andre Boles, Reno, NV, for Plaintiff–Appellant.

Stanley H. Brown, Melanie Foster, Deputy District Attorney, Gregory R. Shannon, Esq., Washoe County District Attorney's Office, Reno, NV, Chester H. Adams, Esq., Office of the City Attorney, Chief Civil Deputy Attorney, Peter Simeoni, Office of the City Attorney, Sparks, NV, for Defendants–Appellees.

Before O'SCANNLAIN, HAWKINS, and FISHER, Circuit Judges.

## MEMORANDUM *

We conclude that the district court properly granted summary judgment to the individually-named defendant police officers and the City of Sparks, Nevada in Juan Rincon–Perez's § 1983 action.[1]

### I

The officers had probable cause to arrest Rincon–Perez. Probable cause exists when "under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the defendant] had committed a crime." *United States v. Carranza*, 289 F.3d 634, 640 (9th Cir.2002) (*quoting United States v. Garza*, 980 F.2d 546, 550 (9th Cir.1992) (internal quotation marks and citations omitted)). Its existence is gauged " 'at the moment the arrest was made.' " *Orin v. Barclay*, 272 F.3d 1207, 1218 (9th Cir.2001) (*quoting Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964)). Together, the officers' discovery on Rincon–Perez's lawn of a motocross bike matching the victim's description and the victim's unequivocal eyewitness identification within 35 minutes of the crime, provided, at the time they effectuated his arrest, sufficient grounds for the officers' belief that there was a fair

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Because the facts of this case are well known to the parties, we do not repeat them here except as necessary to explain our result.

probability that Rincon–Perez had committed the crime.

We find unavailing the claim that the victim's eyewitness identification was constitutionally infirm. In evaluating the validity of an eyewitness identification for probable cause purposes, we engage in a sequential, two-part inquiry:

> (1) Did the officers employ an identification procedure so impermissibly suggestive as to give rise to a substantial likelihood of misidentification? *And if so,* (2) did the witnesses exhibit sufficient indicia of reliability to protect the integrity of their identifications?

*Grant v. City of Long Beach,* 315 F.3d 1081, 1086 (9th Cir.2002) (emphasis added). That Rincon–Perez was standing between two police officers when the victim identified him and that the victim believed him to be in custody at the time she identified him fail to render the identification impermissibly suggestive. *See, e.g., Yong Ho Choi v. Gaston,* 220 F.3d 1010, 1013 (9th Cir.2000); *United States v. Jones,* 84 F.3d 1206, 1210 (9th Cir.1996); *United States v. Bagley,* 772 F.2d 482, 492 (9th Cir.1985); *United States v. Kessler,* 692 F.2d 584, 586 (9th Cir.1982). Because the victim's eyewitness identification was not impermissibly suggestive, we need not address the reliability of her identification. *Bagley,* 772 F.2d at 493; *see also United States v. Davenport,* 753 F.2d 1460, 1463 n. 2 (9th Cir.1985).

## II

Although Rincon–Perez's prolonged detention was unfortunate, we also reject the argument that the police unconstitutionally failed to investigate potentially exculpatory evidence uncovered at the scene of the crime. Once probable cause has been established, the police are neither required to "investigate independently every claim of innocence," nor compelled "by the Constitution to perform an error-free investi-gation of such a claim." *Baker v. McCollan,* 443 U.S. 137, 145–46, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979).

Even assuming for the sake of argument that the police were obliged to perform further investigatory work, they were not responsible for Rincon–Perez's incarceration pending trial. *See Webb v. Sloan,* 330 F.3d 1158, 1165 (9th Cir.2003) ("The Nevada Supreme Court has noted that 'the matter of the prosecution of any criminal case is within the *entire control* of the district attorney.' *Cairns v. Sheriff, Clark County,* 89 Nev. 113, 508 P.2d 1015, 1017 (1973) (per curiam) (emphasis added). Thus, in Nevada, principal district attorneys 'are final policymakers for the local government in a particular area, or on a particular issue.' *McMillian v. Monroe County,* 520 U.S. 781, 785, 117 S.Ct. 1734, 138 L.Ed.2d 1 (1997). *Specifically, Nevada district attorneys are final policymakers in the particular area or particular issue relevant here: the decision to continue to imprison and to prosecute."*) (first emphasis in original) (internal citations edited)). Finally, we note that the allegedly exculpatory evidence identified by Rincon–Perez proved only, at best, that Francisco Garcia had at some undetermined point been present on the burgled property–not that Rincon–Perez was innocent.

## III

Because "no constitutional right[s] would have been violated were [Rincon–Perez's] allegations established, there is no necessity for further inquiries concerning qualified immunity." *Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). The judgment of the District Court is hereby

AFFIRMED.