An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

DIPAK KANTILAL DESAI,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
VALERIE ADAIR, DISTRICT JUDGE,
Respondents,
   and
THE STATE OF NEVADA,
Real Party in Interest.

No. 62641

FILED

MAR 13 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER DENYING PETITION

This original petition for a writ of mandamus or prohibition challenges an order of the district court denying petitioner Dipak Kantilal Desai's pretrial petition for a writ of habeas corpus challenging the sufficiency of the indictment. Desai argues that the murder charge alleged in the indictment is defective, the State improperly instructed the grand jurors, and the indictment violates his due process rights as the grand jury was not properly impaneled. See NRS 34.160; NRS 34.320; Round Hill Gen. Imp. Dist. v. Newman, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981).

First, Desai contends that the indictment is inadequate because it improperly charges him with being indirectly responsible for the victim's death when a charge of second-degree felony murder requires a direct causal relationship between the acts and the victim's death. We disagree.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-07620

> [T]he second degree felony murder rule applies only where the felony is inherently dangerous, where death or injury is a directly foreseeable consequence of the illegal act, and where there is an immediate and direct causal relationship—without the intervention of some other source or agency—between the actions of the defendant and the victim's death.

Labastida v. State, 115 Nev. 298, 307, 986 P.2d 443, 448-49 (1999). The predicate felony must be the immediate and direct cause of the victim's death to sustain a conviction. See id. at 307, 986 P.2d at 449 (vacating conviction for second-degree felony murder where victim's death was the direct result of another's abuse and not the defendant's neglect). While the instant indictment alleged that Desai may have indirectly engaged in the felonies of criminal neglect of patients and performance of an act in reckless disregard of persons or property, it maintains that those crimes themselves were the direct and immediate cause of the victim's death. Therefore, he has not demonstrated that extraordinary relief is warranted on this claim.[1]

Second, Desai contends that the State failed to instruct the grand jury that second-degree felony murder required the jurors to find that the predicate crime was the immediate cause of the victim's death. While the State must instruct the grand jury on the elements of the offenses alleged, see NRS 172.095(2), we have never required the State to

---

[1]Desai also asserts that the murder charge violates due process as it is based on counts which this court had already concluded were inadequate to provide notice of the crimes charged as they failed to allege which defendant committed which act. As the charges have been amended in response to this court's order and Desai has not raised a challenge to the charges as amended, we deny this claim as moot.

instruct the grand jury on the law concerning theories of liability, see Schuster v. Dist. Ct., 123 Nev. 187, 192, 160 P.3d 873, 876 (2007) (observing that the prosecuting attorney is not required to instruct grand jury on law); Hyler v. Sheriff, 93 Nev. 561, 564, 571 P.2d 114, 116 (1977) (stating that "it is not mandatory for the prosecuting attorney to instruct the grand jury on the law"). Therefore, the State had no obligation to instruct the grand jury on the different theories of second-degree murder. The record indicates that the grand jury was provided the relevant statutes and the indictment set forth the elements of the crime. Therefore, we conclude that extraordinary relief is not warranted on this ground.

Third, Desai asserts that the grand jury that returned the murder indictment was not properly impaneled. He contends that the district court erred in granting the State's request to recall the grand jury to hear new evidence, improperly represented to the court that it sought a superceding indictment instead of a separate indictment, and failed to inquire of any member of the grand jury whether he or she had developed any bias against Desai. We conclude that Desai failed to demonstrate that the district court manifestly abused its discretion by failing to grant relief on this ground. A grand jury may be recalled by a district court "at such [a] time as new business may require its attention." NRS 6.145; see NRS 172.045 ("Grand juries shall be impaneled as provided in chapter 6 of NRS."). Regardless of whether the grand jury was charged with returning a separate or superceding indictment, it was recalled to assess probable cause related to events which it already considered during its term. In addition, Desai has not demonstrated that any recalled grand juror harbored bias toward him. See Hill v. State, 124 Nev. 546, 550, 188 P.3d

51, 54 (2008) ("[A] grand jury indictment need only be dismissed on appeal if the defendant shows actual prejudice."). Therefore, extraordinary relief is not warranted on this ground.

Having considered Desai's contentions and concluded that they lack merit, we

ORDER the petition DENIED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:    Hon. Valerie Adair, District Judge
       Wright Stanish & Winckler
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk