An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

RONALD E. LAKEMAN,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
VALERIE ADAIR, DISTRICT JUDGE,
Respondents,
   and
THE STATE OF NEVADA,
Real Party in Interest.

No. 62877

**FILED**

APR 0 9 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

ORDER DENYING PETITION

This original petition for a writ of mandamus or prohibition challenges an order of the district court denying a pretrial petition for a writ of habeas corpus or motion to dismiss the indictment. Petitioner Ronald E. Lakeman argues that the second-degree felony-murder charge was not supported by the evidence, that the charge was inadequately pleaded, and that the State improperly instructed the grand jurors. See NRS 34.160; NRS 34.320; Round Hill Gen. Imp. Dist. v. Newman, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981).

First, Lakeman contends that the State produced insufficient evidence to prove its theory of second-degree murder to the grand jury. We conclude that our intervention is not warranted. We have stated that this court's review of a pretrial probable cause determination through an original writ petition is disfavored. See Kussman v. District Court, 96 Nev. 544, 545-46, 612 P.2d 679, 680 (1980). Further, Lakeman has not demonstrated that the challenge to the probable cause determination does

13-10480

not fit the exceptions we have made for purely legal issues. See State v. Babayan, 106 Nev. 155, 174, 787 P.2d 805, 819-20 (1990) (granting writ of mandamus dismissing an indictment to prevent "gross miscarriage of justice"). Therefore, extraordinary relief is not warranted on this claim.

Second, Lakeman contends that the indictment is inadequate because it fails to allege facts that show that he engaged in activity that directly resulted in the victim's death. We disagree.

> [T]he second degree felony murder rule applies only where the felony is inherently dangerous, where death or injury is a directly foreseeable consequence of the illegal act, and where there is an immediate and direct causal relationship—without the intervention of some other source or agency—between the actions of the defendant and the victim's death.

Labastida v. State, 115 Nev. 298, 307, 986 P.2d 443, 448-49 (1999). The predicate felony must be the immediate and direct cause of the victim's death to sustain a conviction. See id. at 307, 986 P.2d at 449 (vacating conviction for second-degree felony murder where victim's death was the direct result of another's abuse and not the defendant's neglect). While the indictment alleges that Lakeman indirectly engaged in the felonies of criminal neglect of patients and performance of an act in reckless disregard of persons or property, it maintains that those crimes were the direct and immediate cause of the victim's death. Therefore, he has not demonstrated that extraordinary relief is warranted on this claim.

Third, Lakemen argues that the indictment fails to allege what specific acts he committed in order to permit him to defend against the charges. He further contends that it fails to allege how he aided and abetted in the acts. We disagree. The State advances a limited number of theories of prosecution. It identifies how each defendant participated in

those alleged theories. See State v. Kirkpatrick, 94 Nev. 628, 630, 584 P.2d 670, 671-72 (1978) (providing where one offense may be committed by one or more specified means, an accused must be prepared to defend against all means alleged). Therefore, the counts are sufficiently precise as to "who is alleged to have done what," State v. Hancock, 114 Nev. 161, 165, 955 P.2d 183, 185 (1998) (internal quotations omitted), and are sufficient to put Lakeman on notice of the nature of the offense and the essential facts sufficient for him to prepare a defense, Jennings v. State, 116 Nev. 488, 490, 998 P.2d 557, 559 (2000). Lakeman failed to demonstrate that the district court manifestly abused its discretion in denying his petition.

Lastly, Lakeman contends that the State erred in instructing the grand jury in two respects. First, he asserts that the State failed to instruct the grand jury that second-degree felony murder required the jurors to find the predicate crime was the immediate cause of the victim's death and that the State incorrectly instructed the grand jury that it need not find a particular theory of liability. While the State must instruct the grand jury on the elements of the offense alleged, see NRS 172.095(2), we have never required the State to instruct the grand jury on the law concerning theories of liability, see Schuster v. Dist. Ct., 123 Nev. 187, 192, 160 P.3d 873, 876 (2007) (observing prosecuting attorney is not required to instruct grand jury on law); Hyler v. Sheriff, 93 Nev. 561, 564, 571 P.2d 114, 116 (1977) (stating that "it is not mandatory for the prosecuting attorney to instruct the grand jury on the law"). The State had no obligation to instruct the grand jury on the different theories of second-degree murder. The record indicates that the grand jury was provided the relevant statutes and the indictment set forth the elements of

the crime. Second, Lakeman contends that the State instructed the jury that it was not required to find a particular theory of criminal liability to sustain the indictment for second-degree murder. However, the State's comment, when read in context, does not alleviate the State's burden of proof before the grand jury. Therefore, we conclude that extraordinary relief is not warranted on this ground.

Having considered Lakeman's contentions and concluded that they lack merit, we

ORDER the petition DENIED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc: Hon. Valerie Adair, District Judge
Santacroce Law Offices, Ltd.
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk