An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

WASHOE COUNTY PUBLIC DEFENDER'S OFFICE, AND JEREMY T. BOSLER, WASHOE COUNTY PUBLIC DEFENDER; WASHOE COUNTY ALTERNATE PUBLIC DEFENDER, AND JENNIFER L. LUNT, WASHOE COUNTY ALTERNATE PUBLIC DEFENDER,
Petitioners,
vs.
THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF WASHOE; THE HONORABLE DAVID A. HARDY; THE HONORABLE JEROME POLAHA; THE HONORABLE BRENT T. ADAMS; AND THE HONORABLE SCOTT N. FREEMAN, DISTRICT JUDGES,
Respondents,
    and
RICHARD A. GAMMICK, WASHOE COUNTY DISTRICT ATTORNEY AND PAUL ELCANO, JR., EXECUTIVE DIRECTOR OF WASHOE LEGAL SERVICES,
Real Parties in Interest.

No. 61173

FILED

OCT 09 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER GRANTING PETITION IN PART*

This original petition for a writ of mandamus challenges Second Judicial District Court Administrative Order 2012-07, which implements an early case resolution (ECR) pilot program for criminal cases. Petitioners Washoe County Public Defender Jeremy T. Bosler and

13-30189

Washoe County Alternate Public Defender Jennifer L. Lunt seek a writ directing the district court to rescind and/or vacate the administrative order. They argue that it conflicts with (1) the controlling provisions of the Nevada Revised Statutes, (2) the model plan submitted pursuant to ADKT 411, and (3) the Sixth Amendment right to effective assistance of counsel.

The real parties in interest, Washoe County District Attorney Richard Gammick and Washoe Legal Services (WLS) Executive Director Paul Elcano, Jr., have filed answers to the petition. The Nevada Attorneys for Criminal Justice, Inc. has submitted an amicus brief in support of the petitioners. And we have heard oral argument by the parties on the issues raised.

Because we conclude that no bright-line rule prohibits the ECR pilot program and the administrative order can easily be amended to avoid the statutory, ADKT 411, and Sixth Amendment conflicts, we grant the petition in part and lift our stay of the ECR pilot program's implementation.

*Standard of review*

"A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station, or to control a manifest abuse or arbitrary or capricious exercise of discretion." *State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. ___, ___, 267 P.3d 777, 779 (2011) (citation omitted). The writ will not issue, however, if the petitioner has a plain, speedy, and adequate remedy in the ordinary course of law. NRS 34.170. And, because a writ of mandamus is an extraordinary remedy, the decision to entertain a petition

for the writ lies within our discretion. *Hickey v. Eighth Judicial Dist. Court*, 105 Nev. 729, 731, 782 P.2d 1336, 1338 (1989). In deciding whether to exercise that discretion, we may consider, among other things, whether the petition raises an important issue of law that needs clarification. *Armstrong*, 127 Nev. at ___, 267 P.3d at 779-80. Because the instant petition challenges defects in the administrative order that cannot be adequately remedied in the ordinary course of law and raises important issues of law that need clarification, we exercise our discretion to consider its merits.

*Statutory conflict*

Nothing in the Nevada Revised Statutes prohibits the implementation of an ECR pilot program. However, the relevant statutes plainly prohibit the district court from appointing counsel other than the public defender to represent indigent defendants unless the public defender is disqualified or other good cause exists. In interpreting those statutes, we must give them their plain meaning, construe them as a whole, and read them in a manner that makes the words and phrases essential and the provisions consequential. *Mangarella v. State*, 117 Nev. 130, 133, 17 P.3d 989, 991 (2001). "Statutes within a scheme and provisions within a statute must be interpreted harmoniously with one another in accordance with the general purpose of those statutes and should not be read to produce unreasonable or absurd results." *Washington v. State*, 117 Nev. 735, 739, 30 P.3d 1134, 1136 (2001). And when "a general statutory provision and a specific one cover the same subject matter, the specific provision controls." *In re Resort at Summerlin Litigation*, 122 Nev. 177, 185, 127 P.3d 1076, 1081 (2006).

NRS 7.115, NRS 171.188, and NRS 260.060 address the appointment of counsel for indigent criminal defendants. NRS 7.115 and NRS 171.188(3) are specific statutes that expressly require the court to appoint the public defender unless the public defender is "disqualified," "unable to represent the defendant," or "other good cause appears." *See Mathews v. State*, 91 Nev. 682, 684, 541 P.2d 906, 907 (1975) ("[W]hen an eligible indigent takes an appeal . . . , the appeal *must* be handled by the county public defender; except, of course, in those cases where the county defender cannot act or is otherwise disqualified." (emphasis added)). NRS 260.060, on the other hand, is a general statute that allows the court to appoint counsel "other than, or in addition to, the public defender" for cause *if* the appointment is consistent with "the laws of this state pertaining to the appointment of counsel to represent indigent criminal defendants." *See generally Sechrest v. State*, 101 Nev. 360, 367, 705 P.2d 626, 631 (1985) (the permissive language of NRS 260.060 indicates the appointment of additional counsel is discretionary with the court), *overruled on other grounds by Harte v. State*, 116 Nev. 1054, 1067, 13 P.3d 420, 429 (2000). As the specific statutory provisions pertaining to the appointment of counsel to represent indigent criminal defendants, NRS 7.115 and NRS 171.188(3) are the controlling statutes.

The administrative order manifests an erroneous interpretation and application of these statutes by allowing the district court to appoint WLS counsel to represent indigent defendants without any showing that the public defender is unable to represent the indigent defendants or good cause exists to justify the WLS appointment. This aspect of the administrative order therefore demonstrates a manifest

abuse of discretion. *See Armstrong*, 127 Nev. at ___, 267 P.3d at 780 (defining manifest abuse of discretion for purposes of mandamus relief). The ECR pilot program can be salvaged by deleting the provisions in the administrative order that address the appointment of WLS counsel and adding a provision that requires the appointment of the public defender to represent indigent defendants in all cases assigned to the ECR pilot program except as provided in NRS 7.115 and NRS 171.188(3).

*ADKT 411 conflict*

We have entered several orders in ADKT 411 adopting the recommendations of the Indigent Defense Commission; nothing in these orders prohibits the implementation of an ECR pilot program. The original order announced the standard for determining indigency, required each judicial district to formulate an administrative plan for indigent representation,[1] promulgated indigent defense performance standards, and mandated studies to establish a reasonable caseload standard for public defenders. *See* ADKT 411 (Order, January 4, 2008). Following a public hearing on the original order, we entered a second order that promulgated a significantly revised version of the performance standards and emphasized that the standards are a guide and are not mandatory criteria in all cases. *See* ADKT 411 (Order, October 16, 2008).

The administrative order does not conflict with the revised performance standards. The U.S. Supreme Court has stated that "[n]o particular set of detailed rules for counsel's conduct can satisfactorily take

---

[1]The parties have referred to this indigent representation plan as the "model plan."

account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant." *Strickland v. Washington*, 466 U.S. 668, 688-89 (1984). The revised performance standards plainly state that they are guides, they are not to be undertaken automatically and should be tailored to the requirements of a particular case, and their relevance to ineffective-assistance claims depends upon all of the case's circumstances. *See* ADKT 411 (Order, October 16, 2008) (Exhibit A, Standard 1).

Although the administrative order does not conflict with the revised performance standards, it does conflict with the Second Judicial District Court's model plan by allowing the district court to participate in the appointment of private counsel. However, because the model plan has not yet been reviewed and approved by the Indigent Defense Commission and this court, the conflict is academic. Moreover, amending the administrative order to require the appointment of the public defender to represent indigent defendants in all cases assigned to the ECR pilot program, except as provided in NRS 7.115 and NRS 171.188(3), will eliminate this conflict.

*Sixth Amendment conflict*

Nothing in the Sixth Amendment prohibits the implementation of an ECR pilot program, and the administrative order does not prohibit counsel from seeking additional discovery or conducting further investigation. However, the administrative order does interfere with the independence of counsel.

Defendants have a Sixth Amendment right to effective assistance of counsel during the negotiation of a plea bargain. *Missouri v.*

*Frye*, 566 U.S. \_\_\_, \_\_\_, 132 S. Ct. 1399, 1407-08 (2012). Counsel provides effective assistance when his performance is reasonable under prevailing professional norms. *Strickland*, 466 U.S. at 688. To this end, "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Id.* at 691. "Counsel's actions are usually based . . . on informed strategic choices made by the defendant and on information supplied by the defendant," *id.*, and counsel's decision to advise a quick plea bargain may be reasonable under the circumstances, *see Premo v. Moore*, 562 U.S. \_\_\_, \_\_\_, 131 S. Ct. 733, 742-43 (2011). Because the administrative order does not address discovery or investigation, any claim that counsel was ineffective for failing to seek additional discovery or adequately investigate the ECR pilot program cases must be resolved on a case-by-case basis. *See Rompilla v. Beard*, 545 U.S. 374, 393-94 (2005) (O'Connor, J., concurring) (noting the Court's "longstanding case-by-case approach to determining whether an attorney's performance was unconstitutionally deficient under *Strickland*").

In contrast, rules that "interfere with the constitutionally protected independence of counsel and restrict the wide latitude counsel must have in making tactical decisions" may constitute an "[a]ctual or constructive denial of assistance of counsel [that] is legally presumed to result in prejudice." *Strickland*, 466 U.S. at 689, 692. The administrative order plainly interferes with the independence of counsel by directing the district court to appoint the public defender as co-counsel and then ordering "that the public defender shall have no further responsibilities." However, we conclude that amending the administrative order to require

SUPREME COURT
OF
NEVADA

(O) 1947A

7

the appointment of the public defender to represent indigent defendants in all cases assigned to the ECR pilot program, except as provided in NRS 7.115 and NRS 171.188(3), will eliminate this interference.

*Conclusion*

We conclude that no bright-line rule prohibits implementing an ECR pilot program. However, for the reasons stated above, the district court's administrative plan for implementing the ECR pilot program cannot stand in its current form and must be amended if it is to be implemented.[2] The district court would have to make the following changes to its administrative order: (1) delete the provisions interpreting NRS 7.115, NRS 171.188, and NRS 260.060; (2) delete the provisions addressing the appointment, funding, and duties of WLS counsel; (3) add a provision requiring the district court to appoint the Washoe County Public Defender to represent indigent defendants in all cases assigned to the ECR pilot program, except as provided in NRS 7.115 and NRS 171.188(3); and (4) modify the provision that states, "The ECR Pilot Program shall be administered by the Washoe County District Attorney" to include "with the cooperation of the Washoe County Public Defender." Our order granting a temporary stay tolled the period during which the ECR pilot program was to be implemented. We lift the stay. The district court may

_____

[2]We note that it is unclear how the district court has jurisdiction to appoint counsel for indigent defendants without an indictment or information. *See* Nev. Const. art. 1, § 8; NRS 173.015; *Cairns v. Sheriff*, 89 Nev. 113, 116, 508 P.2d 1015, 1017 (1973). It is our understanding that jurisdiction is being waived as part of the plea negotiations, but the issue is not before us and we express no opinion as to whether such a waiver would be proper or enforceable.

implement the ECR pilot program for the remainder of that period after the administrative order has been amended. Accordingly, we

ORDER the petition GRANTED IN PART and DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the Second Judicial District Court to vacate Administrative Order 2012-07 or amend Administrative Order 2012-07 in accordance with the directions provided in this order.

_____, C.J.
Pickering

_____, J.        _____, J.
Gibbons                              Hardesty

_____, J.        _____, J.
Parraguirre                          Douglas

_____, J.        _____, J.
Cherry                               Saitta

cc:    Hon. David A. Hardy, District Judge
       Hon. Jerome Polaha, District Judge
       Hon. Brent T. Adams, District Judge
       Hon. Scott N. Freeman, District Judge
       Hon. Jennifer Togliatti, District Judge
       Washoe County Alternate Public Defender
       Washoe County Public Defender
       Washoe Legal Services

Washoe County District Attorney
Allen Lichtenstein
Franny A. Forsman
Clark County Public Defender
Marc Picker, Esq., Ltd.
Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A