RALPH LAMB, SHERIFF OF CLARK COUNTY, NEVADA, APPELLANT, v. RONALD JAMES HOLSTEN, RESPONDENT.

No. 5826

October 21, 1969                    459 P.2d 771

*Harvey Dickerson,* Attorney General, *George E. Franklin, Jr.,* District Attorney, and *Alan R. Johns,* Deputy District Attorney, Clark County, for Appellant.

*George E. Graziadei,* of Las Vegas, for Respondent.

## OPINION

By the Court, ZENOFF, J.:

On December 21, 1968, at 5:30 a.m., the Sahara Saloon in Las Vegas was held up and robbed. John Clifton, the bartender from whom the money was taken, testified at preliminary hearing that the robber was in the place about five minutes but was wearing a head covering that looked like a stocking, a mask was over his face, and that he wore a black or navy blue sweater, light tan levi pants and ankle-high boots Police officer Cook, who arrested the defendant at a motel eight blocks from the scene shortly after the robbery, gave a different description of Holsten's apparel, and still another officer who first stopped Holsten on a hunch that Holsten would be the person involved could not remember much of the clothing at all.

There was also conflicting testimony regarding the container with the stolen money which consisted of rolls of nickels and quarters and also some bills of various denominations found on defendant. The description of the gun that was used in the holdup as against the gun that was found in Holsten's possession was uncertain and generally none of the witnesses identified Holsten as the holdup man with any degree of certainty.

Although the magistrate found the evidence sufficient to bind the defendant over to the district court, the district court granted Holsten's petition for a writ of habeas corpus for want of probable cause. The state appeals.

The sole function of the supreme court is to determine whether all of the evidence received at the preliminary hearing establishes probable cause to believe that an offense has been committed and that defendant committed it. NRS 171.-206; Maskaly v. State, 85 Nev. 111, 450 P.2d 790 (1969); McKenna v. Sheriff, 85 Nev. 524, 458 P.2d 358, (1969); Azbill v. State, 84 Nev. 345, 440 P.2d 1014 (1968). To commit a defendant for trial the state is not required to negate all inferences but only present enough evidence as to support a reasonable inference that the accused committed the offense. Johnson v. State, 82 Nev. 338, 418 P.2d 495 (1966). It is not the function of the supreme court, nor of the magistrate at the preliminary hearing, nor of the district court upon the habeas corpus proceeding to pass upon the sufficiency of the evidence to justify conviction. Beasley v. Lamb, 79 Nev. 78, 378 P.2d 524 (1963).

According to the prosecutor the defendant "had a similar gun, a car full of quarters, and the witness says he matches the description." The district judge felt this evidence was not sufficient cause to hold the defendant. The district court inquired, "How many thousand other people match the description?" In Brown v. Sheriff, 85 Nev. 544, 459 P.2d 215 (1969), the court quoting from Black's Law Dictionary defined "Identification" as "Proof of Identity; . . . as where a witness recognizes the prisoner at bar as the same person whom he saw committing the crime. . . ."

The bartender's testimony as to the robber's similarity to the defendant would not amount to an identification. The same thing results as to the revolver. The mere similarity of defendant, the gun and the amount of quarters in defendant's possession would not seem to be legally sufficient evidence to hold him.

Affirmed.

COLLINS, C. J., BATJER, MOWBRAY, and THOMPSON, JJ., concur.