CHARLES DAVID BAIN, Appellant, v. SHERIFF,
CLARK COUNTY, NEVADA, Respondent.

No. 6992

December 29, 1972                    504 P.2d 695

*Morgan D. Harris,* Public Defender, and *Stewart L. Bell,*
Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City, *Roy A. Woofter,*
District Attorney, and *Charles L. Garner,* Chief Deputy Dis-
trict Attorney, Clark County, for Respondent.

**OPINION**

By the Court, ZENOFF, C. J.:

Appellant, after a preliminary hearing, was ordered to stand trial on a felony charge of receiving stolen property. He was denied pre-trial habeas relief in the district court and appeals.

His only claim of error is that the state did not prove that a stolen stereo-amplifier was of a value of $100.00 or more. In a prosecution for receiving stolen property, proof of value of the property is necessary to determine the grade of the offense and the penalty to be inflicted.[1]

The owner testified that he had paid "close to five hundred dollars ($500.00)" for the stereo-amplifier, in kit form, in November, 1970, and that it was in working order when the burglary occurred in February, 1972. It was some 17 months old when it was recovered from appellant on April 16, 1972.

---

[1]Under NRS 205.275, when the value of the goods is $100.00 or more, the offense is a felony, subject to a maximum 10 year prison sentence and, or, a $5,000.00 fine. If the value is below $100.00, the offense is treated as petit larceny, a misdemeanor.

The prosecutor apparently thought that the value of the stereo-amplifier was obviously in excess of $100.00 and made no attempt to introduce outside evidence of its value, or of the value of several other items listed in the complaint.[2]

Appellant correctly argues that the standard of proving value, for conviction, is the same in "receiving" cases as in "larceny" and "theft" cases. He erroneously urges that the state failed to meet that standard under our holding in Cleveland v. State, 85 Nev. 635, 461 P.2d 408 (1969), where we said "[t]he true criterion for the value of property taken is the fair market value of the property at the time and place it was stolen if there be such a standard market." 85 Nev. at 637, 461 P.2d at 409. In *Cleveland* we also said "[w]here such market value cannot be reasonably determined other evidence of value may be received such as replacement cost or *purchase price.*" 85 Nev. at 637, 461 P.2d at 409. Under the latter situation, the terms "market value" and "cost" or "replacement" value have been held to be synonymous. People v. Renfro, 58 Cal.Rptr. 832 (Cal.App. 1967).

Appellant does not challenge the fact that he had the stolen property. The thrust of the appeal goes only to the sufficiency of the proof of value to place the offense in the felony bracket. Respondent urges that for the purpose of establishing probable cause, under NRS 171.206, the proof offered, in the factual context of this case, was sufficient. We agree. We need not speculate if the proof before the magistrate is within the qualification to the general rule. The sole function of the preliminary hearing is to determine probable cause that the offense occurred and that the accused committed it. NRS 171.206.

At the preliminary examination, where the state is charged only with the burden of showing that a crime has been committed and that the accused probably committed it, the quantum of proof is not so great as at the trial, where the state's burden is to prove guilt beyond a reasonable doubt. Whittley v. Sheriff, 87 Nev. 614, 616, 491 P.2d 1282, 1283 (1971). At the preliminary state of proceedings, at least, we hold that

---

[2]A 9MM automatic pistol, stereo speakers, a clock radio and onyx chess set were also listed in the complaint. All the items, except the gun, were before the magistrate.

proof of purchase price is sufficient to establish the value of the stereo-amplifier absent any showing that the item in question for some sufficient reason is without any value or is of minimal value by reason of its being obsolete, badly damaged or materially defective. People v. Tijerina, 459 P.2d 680, 681–682 (Cal. 1969).

The order is affirmed.

BATJER, MOWBRAY, THOMPSON, and GUNDERSON, JJ., concur.