DONALD JOSEPH ROUTHIER, Appellant, v. SHERIFF, CLARK COUNTY, NEVADA, Respondent.

No. 9489

March 17, 1977                    560 P.2d 1371

*Jeffrey D. Sobel,* Las Vegas, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *J. Michael McGroarty,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

At the conclusion of a preliminary examination Donald Joseph Routhier was held to answer on one count of sale of a controlled substance, a felony under NRS 453.321 and 453.-161. He then filed a pretrial petition for a writ of habeas corpus contending the charge must be dismissed because the magistrate denied the right to call and cross-examine a witness, as permitted by NRS 171.196(4).[1] The district court denied habeas and in this appeal the same contention is reasserted.

During the preliminary examination the magistrate, upon defense counsel's demand, directed a prosecution witness to divulge the name of the police informant who allegedly set up and witnessed the transaction which led to the felony charge. However, the magistrate refused to order disclosure of the informant's address. He also refused to continue the examination to permit Routhier to call and interrogate the "newly discovered" witness. The refusal to grant the continuance is the central issue on appeal.

It is undisputed that the informant was a material witness and, since that name was not disclosed until the preliminary

---

[1]NRS 171.196(4) provides: "The defendant may cross-examine witnesses against him and may introduce evidence in his own behalf."

examination was in progress, we hold that the magistrate's failure to grant the continuance was error; the district judge should have so ruled. NRS 171.196(4). Coleman v. Alabama, 399 U.S. 1, 9 (1970). *Accord,* Eleazer v. Superior Court of Los Angeles County, 464 P.2d 42 (Cal. 1970); State v. Essman, 403 P.2d 540 (Ariz. 1965). *Cf.* Washington v. Clemmer, 339 F.2d 715 (D.C. Cir. 1964). Accordingly, we reverse.