OPINION
 

 Per Curiam:
 

 Appellant Troy Anderson (“Anderson”) was arrested for driving under the influence of intoxicating liquor (“DUI”) in the parking lot of his Carson City apartment complex. Anderson was arrested by his neighbor, Mark Sacha (“Trooper Sacha”), a Nevada Highway Patrol Trooper.
 

 A few days before the arrest, Trooper Sacha obtained information from the Carson City Sheriff’s Office that there was a warrant out for Anderson’s arrest. Operating on this belief, Trooper Sacha approached Anderson in the parking lot of the apartment complex to inquire about the outstanding warrant. Trooper Sacha immediately smelled liquor on Anderson’s breath, conducted a field sobriety test, and arrested Anderson for DUI.
 

 Anderson subsequently moved to invalidate the arrest as an unconstitutional search and seizure. He claimed that Trooper Sacha could not have relied on the outstanding warrant as grounds for the brief detention because the warrant was no longer in effect. Anderson had paid an underlying fine and the warrant was quashed a few days prior to his arrest. Anderson also filed a motion to dismiss, claiming that the apartment parking lot was private property not subject to Nevada’s DUI laws.
 

 The district court conducted a hearing to consider both motions. In defending against the motion to suppress, the State introduced its only evidence — the written testimony of Trooper Sacha recorded at Anderson’s preliminary hearing. Anderson objected to the introduction of this written testimony on the grounds that it was hearsay. The district court overruled the
 
 *1152
 
 objection, reasoning that Trooper Sacha’s statements were given under oath, and that Anderson had the opportunity to cross-examine the witness at the prior proceeding. In spite of these findings, the record reflects that the State made no showing that Trooper Sacha was unavailable to testify.
 

 After the hearing, the district court denied both of Anderson’s motions. Anderson then entered a conditional guilty plea to one count of driving under the influence of intoxicating liquor with two or more prior convictions as prohibited by NRS 484.379 and 484.3792. By entering this type of plea, Anderson preserved his right to appeal the district court’s respective rulings.
 

 On appeal, Anderson makes the following three arguments: (1) Trooper Sacha’s written preliminary hearing testimony was erroneously admitted at the suppression hearing; (2) Anderson’s initial detention was an unconstitutional search and seizure; and (3) Nevada’s DUI laws do not apply to a private parking lot containing “no trespassing” signs.
 

 We agree with Anderson’s first contention of error and reverse his conviction on that ground alone.
 

 NRS 171.198(6) describes when testimony recorded at a hearing may be used at a subsequent proceeding or during trial:
 

 6. The testimony so taken may be used:
 

 (a) By the defendant; or
 

 (b) By the state if the defendant was represented by counsel or affirmatively waived his right to counsel,
 

 upon the trial of the cause, and in all proceedings therein,
 
 when the witness is sick, out of the state or dead, or when his personal attendance cannot be had in court.
 

 (Emphasis added.)
 

 In essence, this statute protects an individual’s right to confront a witness, as guaranteed by the Sixth Amendment of the United States Constitution.
 
 See
 
 Felix v. State, 109 Nev. 151, 849 P.2d 220 (1993) (Confrontation Clause and Nevada statute require unavailability); Drummond v. State, 86 Nev. 4, 462 P.2d 1012 (1970). NRS 171.198(6) affords this protection by limiting the admissibility of prior officially recorded testimony to a narrow set of circumstances. Before such written testimony can be admitted at a subsequent proceeding, there must be a showing that (1) the defendant was represented by counsel; (2) defendant’s counsel had an opportunity to cross-examine the witness; and (3) the witness is shown to be unavailable. Aesoph v. State, 102 Nev. 316, 320, 721 P.2d 379, 381-82 (1986).
 

 In the instant case, Anderson properly objected to the State’s introduction of Trooper Sacha’s written testimony. Yet contraven
 
 *1153
 
 ing the requirements of NRS 171.198(6) and accompanying Nevada case law, the State failed to prove that Trooper Sacha was unavailable to testify. Therefore, it was error for the district court to consider Trooper Sacha’s written testimony.
 

 The State tries to fend off the impact of this oversight by claiming that the error was harmless. This contention is wrong. Trooper Sacha’s written testimony was the only evidence relied upon by the State at the suppression hearing. Absent this testimony, the State simply could not have carried its burden of proving that Anderson’s detention conformed with constitutional mandate.
 

 Based upon the foregoing, we conclude that the district court improperly admitted Trooper Sacha’s written testimony at Anderson’s suppression hearing. The error was not harmless and warrants reversing Anderson’s corresponding conviction. As a result of our conclusion, it is unnecessary to consider any of Anderson’s other contentions of error.