145 P.3d 1002 (2006)
SHERIFF, Clark County, Appellant,
v.
Brett WITZENBURG, Respondent.
No. 45462.
Supreme Court of Nevada.
November 9, 2006.
*1003 George Chanos, Attorney General, Carson City; David J. Roger, District Attorney, and Steven S. Owens and James Tufteland, Chief Deputy District Attorneys, Clark County, for Appellant.
Philip J. Kohn, Public Defender, and Kevin C. Speed, Deputy Public Defender, Clark County, for Respondent.
Before the Court En Banc.

OPINION
GIBBONS, J.
In this appeal, we address whether the Sixth Amendment Confrontation Clause and, therefore, Crawford v. Washington,[1] apply at a preliminary examination. Respondent Brett Witzenburg was charged with various property crimes against three out-of-state alleged victims. At Witzenburg's preliminary examination, the State introduced the alleged victims' affidavits in lieu of their personal appearance, as permitted under NRS 171.197. Witzenburg argued that the affidavits violated his Sixth Amendment right to confront the witnesses against him in light of the United States Supreme Court's holding in Crawford. The justice court found the affidavits admissible and bound Witzenburg over to the district court for trial. Witzenburg then filed a petition for a writ of habeas corpus with the district court. The district court granted Witzenburg's writ petition and dismissed the charges that related to the out-of-state witnesses' affidavits. The State appealed.
We conclude that the Sixth Amendment Confrontation Clause and Crawford do not apply at a preliminary examination. We further conclude that NRS 171.197 is an exception to the statutory grant of cross-examination under NRS 171.196(5). Accordingly, we reverse the district court's order granting Witzenburg's pretrial habeas corpus petition.

FACTS
Witzenburg was charged in a criminal complaint with four counts of burglary, one count of grand larceny, and one count of possession of a credit or debit card without the cardholder's consent. The charges stemmed from alleged property crimes committed at various casinos in Las Vegas, Nevada.
Three of the alleged victims lived outside Nevada. Under NRS 171.197, the State is permitted to introduce at the preliminary examination an affidavit of a witness residing outside Nevada or more than 100 miles from the preliminary examination's location. The affidavit may be used "to establish as an element of any offense that" the witness was the owner of property and that the defendant did not have permission to possess the witness's property.[2] At Witzenburg's preliminary examination, the State filed an affidavit from each of the out-of-state alleged victims, in lieu of in-person testimony, to establish that Witzenburg did not have permission to possess their property. The affidavits related to three of the burglary counts and the charge of possession of a credit or debit card without the cardholder's consent.
Following the preliminary examination, the justice court bound Witzenburg over to the district court on all charges alleged in the complaint. The justice court stated that the affidavits were admissible for purposes of the preliminary examination solely for addressing whether there was probable cause to proceed to trial. It stated that there was no question that the witnesses would have to personally appear and testify at trial.
After Witzenburg was bound over to the district court, he filed a pretrial petition for a writ of habeas corpus in the district court, arguing that he was denied his constitutional right to confront the three witnesses against him, in violation of Crawford. The State filed a return to the writ of habeas corpus. Following oral argument, the district court determined that Crawford applied to preliminary examinations and dismissed three counts of burglary and the charge for possession of a credit or debit card without the cardholder's consent. The State appealed, *1004 arguing that the Sixth Amendment Confrontation Clause and Crawford do not apply at a preliminary examination, and to conclude that they do would indirectly hold NRS 171.197 unconstitutional.

DISCUSSION
Although we generally review the district court's grant of pretrial relief for substantial error,[3] when the district court's decision involves a question of law, we review that decision de novo.[4] In this appeal, we decide whether the Sixth Amendment Confrontation Clause and Crawford apply at a preliminary examination, and the proper review is de novo.
Preliminary examinations and the Sixth Amendment Confrontation Clause
Many states, including Nevada, statutorily grant criminal defendants the right to a preliminary examination.[5] The preliminary examination is a pretrial procedure where a magistrate determines whether the State has presented enough evidence to establish probable cause that an offense has been committed and the defendant committed it.[6] If the magistrate determines that the evidence establishes probable cause that the defendant committed an offense, the magistrate binds the defendant over to the district court and may admit the defendant to bail.[7] If the evidence does not establish probable cause, the magistrate must discharge the defendant.[8] Because of the adversarial nature of the preliminary examination and the risk of substantial prejudice, criminal defendants are entitled to the Sixth Amendment right to counsel during the proceeding.[9]
At issue here, however, is the Sixth Amendment right to confrontation. The Sixth Amendment Confrontation Clause, applicable to the states through the Fourteenth Amendment,[10] provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to . . . be confronted with the witnesses against him."[11] The United States Supreme Court held in Crawford that the Confrontation Clause bars the introduction of testimonial hearsay unless the declarant is unavailable and the defendant had a prior opportunity to cross-examine the declarant.[12] The United States Supreme Court has not yet addressed whether Crawford applies to preliminary examinations, nor have we addressed this issue.
However, confrontation has historically been described as a trial right. In its 1968 decision in Barber v. Page, the United States Supreme Court stated, "The right to confrontation is basically a trial right."[13] Subsequent United States Supreme Court cases, including Crawford, have also referred to cross-examination as being a trial right.[14] *1005 Other United States Supreme Court, federal, and state court decisions have held that confrontation does not attach at various pretrial proceedings, including probable-cause hearings and pretrial suppression hearings.[15] Further, although some states extend the confrontation right to a preliminary examination,[16] most states do not.[17]
Considering the above, we conclude that there is no Sixth Amendment confrontation right at a preliminary examination. Thus, Crawford is inapplicable at a preliminary examination, and the district court erred by granting Witzenburg's pretrial habeas corpus petition.
NRS 171.196(5) and NRS 171.197
Although we conclude that Crawford is inapplicable at a preliminary examination, we briefly address whether Witzenburg's petition would have, nevertheless, been properly granted because of NRS 171.196(5)'s statutory grant of cross-examination at a preliminary examination.
When interpreting statutes, if the statute is clear, we do not look beyond the statute's plain language.[18] However, when an ambiguity arises, the Legislature's intent is controlling, and we "interpret the statute's language in accordance with reason and public policy."[19] "And when a specific statute is in conflict with a general one, the specific statute will take precedence."[20]
NRS 171.196(5) states that at the preliminary examination "[t]he defendant may cross-examine witnesses against him." However, NRS 171.197 allows the State to use a witness's affidavit, when the witness resides outside Nevada or more than 100 miles from the preliminary examination's location, to establish that the witness owned the property that the defendant had no right to possess. But, NRS 171.197(4) provides that if prior to or at the preliminary examination, the defendant establishes that:
(a) There is a substantial and bona fide dispute as to the facts in an affidavit . . .; and
(b) It is in the best interests of justice that the person who signed the affidavit be cross-examined,
the magistrate may order the district attorney to produce the person who signed *1006 the affidavit and may continue the examination for any time it deems reasonably necessary in order to receive such testimony.
Thus, NRS 171.197 gives the defendant a mechanism with which he can challenge an affidavit the State attempts to introduce against him.
However, the Legislature's subsequent adoption of NRS 171.197 indicates that the Legislature intended that NRS 171.196(5)'s grant of cross-examination be qualified.[21] NRS 171.196(5) generally governs cross-examination, while NRS 171.197 specifically provides an exception to that general grant and discusses a mechanism with which to challenge evidence introduced under that exception. Accordingly, NRS 171.197 is an exception to the legislative grant of cross-examination. Thus, Witzenburg's statutory right to cross-examination was not violated by the introduction of affidavits under NRS 171.197.[22]

CONCLUSION
We conclude that the Sixth Amendment Confrontation Clause and Crawford do not apply to a preliminary examination. We further conclude that the statutory right to cross-examination, under NRS 171.196(5), is a qualified right, subject to the exception under NRS 171.197. Accordingly, we conclude that the district court erred by granting Witzenburg's pretrial habeas corpus petition, and we reverse the district court's order.
BECKER, DOUGLAS, HARDESTY and PARRAGUIRRE, JJ., concur.
ROSE, C.J., concurring.
I concur in the result reached by the majority but disagree with its reasoning. We have historically concluded that the Sixth Amendment Confrontation Clause applies at a preliminary examination. Therefore, I disapprove of today's departure from this principle and the majority's conclusion that Crawford v. Washington[1] does not apply at a preliminary examination, without clear direction to the contrary from the United States Supreme Court. I conclude that Witzenburg's constitutional rights were violated by the use of the alleged-victims' affidavits at his preliminary examination. However, because of the testimony and evidence introduced at Witzenburg's preliminary examination, I conclude that the violation of Witzenburg's constitutional rights was harmless. Accordingly, I concur that the district court's order granting respondent's petition should be reversed.
Confrontation Clause violation
As the majority points out, many states afford criminal defendants a preliminary examination. In fact, in Nevada we have concluded that a preliminary examination is constitutionally required to prosecute a felony by information.[2] The preliminary examination "provides important benefits to the defense of an accused,"[3] and its purposes are to end judicial proceedings when there is a lack of evidence[4] and "to protect [the] individual's right against an unlawful arrest and detention."[5]
*1007 Before today, we have always discussed confrontation at a preliminary hearing as being an absolute and constitutional right and that denial of that right is error.[6] In Felix v. State, we addressed the exclusion of two defendants from their preliminary examination during the victim-witness's testimony.[7] Because the defendants were excluded, the victim-witness's testimony may have been more credible and her cross-examination less effective. We stated, "The right to face-to-face confrontation of witnesses testifying at a preliminary hearing . . . is a basic guarantee to all accused of crime."[8] We then said that "[t]he failure of the justice court to find any necessity in precluding Felix and Ontiveros from the preliminary hearing deprived them of their constitutional right of confrontation."[9]
Before Felix, in Sheriff v. Vasile, a police officer testified at Vasile's preliminary examination but invoked the confidential informant privilege and refused to divulge a confidential informant's identity.[10] On that basis, Vasile argued that his confrontation rights were violated, and Vasile moved for dismissal of the charges against him. In concluding that the magistrate erred by refusing to order the informant's identity produced, we stated that "the accused at a preliminary examination has the right to cross examine witnesses against him. . . . Denial of this right by the magistrate is error."[11]
And in Routhier v. Sheriff, we again dealt with a situation where a magistrate would not order disclosure of an informant's information and would not continue Routhier's preliminary examination to allow him to call and examine that witness.[12] We reversed the magistrate's decision, thereby dismissing the charges against Routhier, for the violation of Routhier's confrontation rights.[13]
Based on our historical treatment of this issue, I conclude that, without clear direction to the contrary from the United States Supreme Court, the Confrontation Clause and, accordingly, Crawford, should apply at a preliminary hearing. Under Crawford, testimonial hearsay may not be introduced against an accused unless the declarant is unavailable and the accused had a prior opportunity to cross-examine the declarant.[14] Affidavits are considered testimonial hearsay.[15] Therefore, Witzenburg's confrontation rights were violated when the State introduced the alleged-victims' affidavits as evidence at Witzenburg's preliminary examination.
Harmless error
Although I conclude that the alleged-victims' affidavits were erroneously introduced in violation of Witzenburg's rights, this violation was nevertheless harmless.[16] At the preliminary hearing, the magistrate's role is to determine whether there is "probable cause to believe that an offense has been committed and that the defendant has committed *1008 it."[17] Although the State bears the burden of establishing probable cause, the State "need only present enough proof to support a reasonable inference that the accused committed the offense."[18]
At Witzenburg's preliminary examination, various Las Vegas Metropolitan Police Department officers and casino security officers testified that they had viewed casino security surveillance tapes depicting Witzenburg taking the alleged-victims' property. The surveillance videotapes depicting Witzenburg's actions were also admitted as evidence. I conclude that the police and security officers' testimony coupled with the casino surveillance tapes provided sufficient proof to support probable cause that Witzenburg committed the offenses with which he was charged.

CONCLUSION
We have historically interpreted confrontation as being an absolute, and not permissive, right at the preliminary examination stage. Today, without clear direction from the United States Supreme Court, the majority opinion concludes inconsistently with our prior decisions, and merely notes in a footnote that, "to the extent that our language in [Felix, Vasile, and Routhier] is inconsistent with our decision today, [those decisions] are clarified." I disagree that the Confrontation Clause and Crawford do not apply at a preliminary examination.[19] However, I conclude that Witzenburg's violation was harmless, and I concur with the majority that the district court's order granting Witzenburg's petition should be reversed.
MAUPIN, J., concurring.
While I agree with the majority, I would separately note that none of the affidavits would be admissible at trial absent the presence of the declarants.[1]
NOTES
[1] 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).
[2] NRS 171.197(1)(a)-(b).
[3] Sheriff v. Spagnola, 101 Nev. 508, 510, 706 P.2d 840, 842 (1985).
[4] Rosky v. State, 121 Nev. 184, 190, 111 P.3d 690, 694 (2005); Camacho v. State, 119 Nev. 395, 399, 75 P.3d 370, 373 (2003).
[5] NRS 171.196; NRS 171.186.
[6] Bain v. Sheriff, 88 Nev. 699, 701, 504 P.2d 695, 696 (1972); Lamb v. Holsten, 85 Nev. 566, 567-68, 459 P.2d 771, 772 (1969). At the preliminary examination, the State does not need to negate all inferences, but must present enough evidence "to support a reasonable inference that the accused committed the offense." Lamb, 85 Nev. at 568, 459 P.2d at 772.
[7] NRS 171.206.
[8] Id.
[9] Coleman v. Alabama, 399 U.S. 1, 9, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970) (plurality opinion); see also Brewer v. Williams, 430 U.S. 387, 398, 97 S.Ct. 1232, 51 L.Ed.2d 424 (1977); Escobedo v. Illinois, 378 U.S. 478, 490-91, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964).
[10] Pointer v. Texas, 380 U.S. 400, 407-08, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965).
[11] U.S. Const. amend. VI.
[12] 541 U.S. 36, 68, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).
[13] 390 U.S. 719, 725, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968).
[14] Crawford, 541 U.S. at 59, 124 S.Ct. 1354 ("Our cases have thus remained faithful to the Framers' understanding: Testimonial statements of witnesses absent from trial have been admitted only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine." (emphasis added)); Pennsylvania v. Ritchie, 480 U.S. 39, 52, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987) (opinion of Powell, J.) ("The opinions of this Court show that the right to confrontation is a trial right, designed to prevent improper restrictions on the types of questions that defense counsel may ask during cross-examination."); California v. Green, 399 U.S. 149, 157, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970) ("Our own decisions seem to have recognized at an early date that it is this literal right to `confront' the witness at the time of trial that forms the core of the values furthered by the Confrontation Clause." (emphasis added)).
[15] See United States v. Raddatz, 447 U.S. 667, 679, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980) (stating that hearsay evidence is permissible at a pretrial suppression hearing); McCray v. Illinois, 386 U.S. 300, 312-13, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967) (holding that there was no Confrontation Clause violation during a pretrial probable-cause hearing when police officers testified to what they were told by an unidentified confidential informant, who did not testify); U.S. v. De Los Santos, 819 F.2d 94, 95 (5th Cir.1987) (holding that the defendant's confrontation rights were not violated when he and his attorney were excluded from a portion of his pretrial suppression hearing to protect the police informant's identity); United States v. Andrus, 775 F.2d 825, 835-36 (7th Cir.1985) (holding that there is no confrontation right at a hearing to determine admissibility of coconspirator statements at trial); State v. Woinarowicz, 720 N.W.2d 635, 640-41 (N.D.2006) (concluding that there is no confrontation right and, consequently, Crawford does not apply to a pretrial suppression hearing); Vanmeter v. State, 165 S.W.3d 68 (Tex.Ct.App. 2005) (declining to extend Crawford to a pretrial suppression hearing).
[16] E.g., People v. Harris, 165 Cal.App.3d 1246, 212 Cal.Rptr. 216, 221-22 (Ct.App.1985); State v. Massengill, 99 N.M. 283, 657 P.2d 139, 140 (Ct.App.1983).
[17] E.g., Blevins v. Tihonovich, 728 P.2d 732, 734 (Colo.1986); State v. Sherry, 233 Kan. 920, 667 P.2d 367, 376 (1983); State v. Harris, 444 So.2d 257, 262 (La.Ct.App.1983); State v. Morrissey, 295 N.W.2d 307, 311 (N.D.1980); Com. v. Tyler, 402 Pa.Super. 429, 587 A.2d 326, 328 (Ct.1991); State v. Jones, 273 S.C. 723, 259 S.E.2d 120, 122 (1979); State v. Padilla, 110 Wis.2d 414, 329 N.W.2d 263, 268-69 (Ct.App.1982).
[18] Koller v. State, 122 Nev. ___, ___, 130 P.3d 653, 655 (2006).
[19] Lader v. Warden, 121 Nev. 682, 687, 120 P.3d 1164, 1167 (2005).
[20] Id.
[21] To the extent that our language in Felix v. State, 109 Nev. 151, 849 P.2d 220 (1993), superseded by statute on other grounds as stated in Evans v. State, 117 Nev. 609, 28 P.3d 498 (2001); Sheriff v. Vasile, 96 Nev. 5, 604 P.2d 809 (1980); and Routhier v. Sheriff, 93 Nev. 149, 560 P.2d 1371 (1977) is inconsistent with our decision today, Felix, Vasile, and Routhier are clarified.
[22] Importantly, Witzenburg never exercised his ability, under NRS 171.197(4), to challenge the introduction of the affidavits against him.
[1] 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).
[2] See Cairns v. Sheriff, 89 Nev. 113, 116, 508 P.2d 1015, 1017 (1973) (concluding that prosecution by information does not violate due process because of the statutory procedures in place, i.e. the preliminary examination).
[3] Felix v. State, 109 Nev. 151, 178, 849 P.2d 220, 239 (1993), superseded by rule on other grounds as stated in Evans v. State, 117 Nev. 609, 28 P.3d 498 (2001).
[4] People v. Hunt, 442 Mich. 359, 501 N.W.2d 151, 153 (1993).
[5] Com. v. McBride, 528 Pa. 153, 595 A.2d 589, 591 (1991). "The consequences of prolonged detention may be more serious than the interference occasioned by arrest. Pretrial confinement may imperil the suspect's job, interrupt his source of income, and impair his family relationships." Gerstein v. Pugh, 420 U.S. 103, 114, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975).
[6] We have also implied that there is a Sixth Amendment right to confrontation at a pretrial suppression hearing. See Anderson v. State, 109 Nev. 1150, 1152, 865 P.2d 331, 332 (1993) (describing the statutory requirements that had to be met before a witness's preliminary examination testimony could be used at the defendant's subsequent suppression hearing and stating, "In essence, [the statute describing when prior testimony can be used in a subsequent proceeding] protects an individual's right to confront a witness, as guaranteed by the Sixth Amendment of the United States Constitution.").
[7] 109 Nev. 151, 849 P.2d 220.
[8] Id. at 178, 849 P.2d at 239 (emphasis added).
[9] Id. (emphasis added).
[10] 96 Nev. 5, 7, 604 P.2d 809, 810 (1980).
[11] Id. at 7, 604 P.2d at 810.
[12] 93 Nev. 149, 150-51, 560 P.2d 1371, 1372 (1977).
[13] Id. We cited to NRS 171.196(4), which is now NRS 171.196(5).
[14] 541 U.S. 36, 68, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).
[15] Id. at 51-52; see also City of Las Vegas v. Walsh, 121 Nev. 899, ___, 124 P.3d 203, 207-08 (2005).
[16] Power v. State, 102 Nev. 381, 384, 724 P.2d 211, 213 (1986) (stating that Confrontation Clause violations are subject to a harmless error analysis).
[17] NRS 171.206; Parsons v. State, 116 Nev. 928, 933, 10 P.3d 836, 839 (2000).
[18] Whittley v. Sheriff, 87 Nev. 614, 616, 491 P.2d 1282, 1283 (1971).
[19] As an additional point, although Crawford is not a rule of evidence per se, it governs the type of evidence constitutionally admissible against an accused. Only legal evidence is permissible at a preliminary examination, Goldsmith v. Sheriff, 85 Nev. 295, 303, 454 P.2d 86, 91 (1969); therefore, Crawford would govern whether testimonial hearsay is permitted. And at the preliminary examination, the magistrate is permitted to assess witness credibility and make credibility determinations, Marcum v. Sheriff, 85 Nev. 175, 179, 451 P.2d 845, 847 (1969), thus Confrontation Clause policies are strongly implicated.
[1] See Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004); Flores v. State, 121 Nev. 706, 120 P.3d 1170 (2005).