OPINION
By the Court,
Gibbons, J.:
In this appeal, we address whether the Sixth Amendment Confrontation Clause and, therefore, Crawford v. Washington,[1] apply at a preliminary examination. Respondent Brett Witzenburg was charged with various property crimes against three out-of-state alleged victims. At Witzenburg’s preliminary examination, the State introduced the alleged victims’ affidavits in lieu of their personal appearance, as permitted under NRS 171.197. Witzenburg argued that the affidavits violated his Sixth Amendment right to confront the witnesses against him in light of the United States Supreme Court’s holding in Crawford. The justice court found the *1058 affidavits admissible and bound Witzenburg over to the district court for trial. Witzenburg then filed a petition for a writ of habeas corpus with the district court. The district court granted Witzen-burg’s writ petition and dismissed the charges that related to the out-of-state witnesses’ affidavits. The State appealed.
We conclude that the Sixth Amendment Confrontation Clause and Crawford do not apply at a preliminary examination. We further conclude that NRS 171.197 is an exception to the statutory grant of cross-examination under NRS 171.196(5). Accordingly, we reverse the district court’s order granting Witzenburg’s pretrial habeas corpus petition.

FACTS

Witzenburg was charged in a criminal complaint with four counts of burglary, one count of grand larceny, and one count of possession of a credit or debit card without the cardholder’s consent. The charges stemmed from alleged property crimes committed at various casinos in Las Vegas, Nevada.
Three of the alleged victims lived outside Nevada. Under NRS 171.197, the State is permitted to introduce at the preliminary examination an affidavit of a witness residing outside Nevada or more than 100 miles from the preliminary examination’s location. The affidavit may be used “to establish as an element of any offense that” the witness was the owner of property and that the defendant did not have permission to possess the witness’s property.[2] At Witzenburg’s preliminary examination, the State filed an affidavit from each of the out-of-state alleged victims, in lieu of in-person testimony, to establish that Witzenburg did not have permission to possess their property. The affidavits related to three of the burglary counts and the charge of possession of a credit or debit card without the cardholder’s consent.
Following the preliminary examination, the justice court bound Witzenburg over to the district court on all charges alleged in the complaint. The justice court stated that the affidavits were admissible for purposes of the preliminary examination solely for addressing whether .there was probable cause to proceed to trial. It stated that there was no question that the witnesses would have to personally appear and testify at trial.
After Witzenburg was bound over to the district court, he filed a pretrial petition for a writ of habeas corpus in the district court, arguing that he was denied his constitutional right to confront the three witnesses against him, in violation of Crawford. The State filed a return to the writ of habeas corpus. Following oral argument, the district court determined that Crawford applied to preliminary examinations and dismissed three counts of burglary *1059 and the charge for possession of a credit or debit card without the cardholder’s consent. The State appealed, arguing that the Sixth Amendment Confrontation Clause and Crawford do not apply at a preliminary examination, and to conclude that they do would indirectly hold NRS 171.197 unconstitutional.

DISCUSSION

Although we generally review the district court’s grant of pretrial relief for substantial error,[3] when the district court’s decision involves a question of law, we review that decision de novo.[4] In this appeal, we decide whether the Sixth Amendment Confrontation Clause and Crawford apply at a preliminary examination, and the proper review is de novo.

Preliminary examinations and the Sixth Amendment Confrontation Clause

Many states, including Nevada, statutorily grant criminal defendants the right to a preliminary examination.[5] The preliminary examination is a pretrial procedure where a magistrate determines whether the State has presented enough evidence to establish probable cause that an offense has been committed and the defendant committed it.[6] If the magistrate determines that the evidence establishes probable cause that the defendant committed an offense, the magistrate binds the defendant over to the district court and may admit the defendant to bail.[7] If the evidence does not establish probable cause, the magistrate must discharge the defendant.[8] Because of the adversarial nature of the preliminary examination and the risk of substantial prejudice, criminal defendants are entitled to the Sixth Amendment right to counsel during the proceeding.[9]
*1060 At issue here, however, is the Sixth Amendment right to confrontation. The Sixth Amendment Confrontation Clause, applicable to the states through the Fourteenth Amendment,[10] provides that “[i]n all criminal prosecutions, the accused shall enjoy the right to ... be confronted with the witnesses against him.”[11] The United States Supreme Court held in Crawford that the Confrontation Clause bars the introduction of testimonial hearsay unless the declarant is unavailable and the defendant had a prior opportunity to cross-examine the declarant.[12] The United States Supreme Court has not yet addressed whether Crawford applies to preliminary examinations, nor have we addressed this issue.
However, confrontation has historically been described as a trial right. In its 1968 decision in Barber v. Page, the United States Supreme Court stated, “The right to confrontation is basically a trial right.”[13] Subsequent United States Supreme Court cases, including Crawford, have also referred to cross-examination as being a trial right.[14] Other United States Supreme Court, federal, and state court decisions have held that confrontation does not attach at various pretrial proceedings, including probable-cause hearings and pretrial suppression hearings.[15] Further, although *1061 some states extend the confrontation right to a preliminary examination,[16] most states do not.[17]
Considering the above, we conclude that there is no Sixth Amendment confrontation right at a preliminary examination. Thus, Crawford is inapplicable at a preliminary examination, and the district court erred by granting Witzenburg’s pretrial habeas corpus petition.

NRS 171.196(5) and NRS 171.197

Although we conclude that Crawford is inapplicable at a preliminary examination, we briefly address whether Witzenburg’s petition would have, nevertheless, been properly granted because of NRS 171.196(5)’s statutory grant of cross-examination at a preliminary examination.
When interpreting statutes, if the statute is clear, we do not look beyond the statute’s plain language.[18] However, when an ambiguity arises, the Legislature’s intent is controlling, and we “interpret the statute’s language in accordance with reason and public policy.”[19] “And when a specific statute is in conflict with a general one, the specific statute will take precedence.’ ’[20]
NRS 171.196(5) states that at the preliminary examination “[t]he defendant may cross-examine witnesses against him.” However, NRS 171.197 allows the State to use a witness’s affidavit, when the witness resides outside Nevada or more than 100 miles from the preliminary examination’s location, to establish that the witness owned the property that the defendant had no right to possess. But, NRS 171.197(4) provides that if prior to or at the preliminary examination, the defendant establishes that:
*1062 (a) There is a substantial and bona fide dispute as to the facts in an affidavit . . .; and
(b) It is in the best interests of justice that the person who signed the affidavit be cross-examined,
the magistrate may order the district attorney to produce the person who signed the affidavit and may continue the examination for any time it deems reasonably necessary in order to receive such testimony.
Thus, NRS 171.197 gives the defendant a mechanism with which he can challenge an affidavit the State attempts to introduce against him.
However, the Legislature’s subsequent adoption of NRS 171.197 indicates that the Legislature intended that NRS 171.196(5) ’s grant of cross-examination be qualified.[21] NRS 171.196(5) generally governs cross-examination, while NRS 171.197 specifically provides an exception to that general grant and discusses a mechanism with which to challenge evidence introduced under that exception. Accordingly, NRS 171.197 is an exception to the legislative grant of cross-examination. Thus, Witzenburg’s statutory right to cross-examination was not violated by the introduction of affidavits under NRS 171.197.[22]

CONCLUSION

We conclude that the Sixth Amendment Confrontation Clause and Crawford do not apply to a preliminary examination. We further conclude that the statutory right to cross-examination, under NRS 171.196(5), is a qualified right, subject to the exception under NRS 171.197. Accordingly, we conclude that the district court erred by granting Witzenburg’s pretrial habeas corpus petition, and we reverse the district court’s order.
Becker, Douglas, Hardesty and Parraguirre, JJ., concur.

 541 U.S. 36 (2004).

 NRS 171.197(1)(a)-(b).

 Sheriff v. Spagnola, 101 Nev. 508, 510, 706 P.2d 840, 842 (1985).

 Rosky v. State, 121 Nev. 184, 190, 111 P.3d 690, 694 (2005); Camacho v. State, 119 Nev. 395, 399, 75 P3d 370, 373 (2003).

 NRS 171.196; NRS 171.186.

 Bain v. Sheriff, 88 Nev. 699, 701, 504 P.2d 695, 696 (1972); Lamb v. Holsten, 85 Nev. 566, 567-68, 459 P.2d 771, 772 (1969). At the preliminary examination, the State does not need to negate all inferences, but must present enough evidence “to support a reasonable inference that the accused committed the offense.” Lamb, 85 Nev. at 568, 459 P.2d at 772.

 NRS 171.206.

 Id.

 Coleman v. Alabama, 399 U.S. 1, 9 (1970) (plurality opinion); see also Brewer v. Williams, 430 U.S. 387, 398 (1977); Escobedo v. Illinois, 378 U.S. 478, 490-91 (1964).

 Pointer v. Texas, 380 U.S. 400, 407-08 (1965).

 U.S. Const, amend. VI.

 541 U.S. 36, 68 (2004).

 390 U.S. 719, 725 (1968).

 Crawford, 541 U.S. at 59 (“Our cases have thus remained faithful to the Framers’ understanding: Testimonial statements of witnesses absent from trial have been admitted only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine.” (emphasis added)); Pennsylvania v. Ritchie, 480 U.S. 39, 52 (1987) (opinion of Powell, J.) (“The opinions of this Court show that the right to confrontation is a trial right, designed to prevent improper restrictions on the types of questions that defense counsel may ask during cross-examination.”); California v. Green, 399 U.S. 149, 157 (1970) (“Our own decisions seem to have recognized at an early date that it is this literal right to ‘confront’ the witness at the time of trial that forms the core of the values furthered by the Confrontation Clause.” (emphasis added)).

 See United States v. Raddatz, 447 U.S. 667, 679 (1980) (stating that hearsay evidence is permissible at a pretrial suppression hearing); McCray v. Illinois, 386 U.S. 300, 312-13 (1967) (holding that there was no Confrontation Clause violation during a pretrial probable-cause hearing when police officers testified to what they were told by an unidentified confidential informant, who did not testify); U.S. v. De Los Santos, 819 F.2d 94, 95 (5th Cir. 1987) (holding that the defendant’s confrontation rights were not violated when he and his attorney were excluded from a portion of his pretrial suppression hearing to protect the police informant’s identity); United States v. Andrus, 775 F.2d 825, 835-36 (7th Cir. 1985) (holding that there is no confrontation right at a hearing to determine admissibility of coconspirator statements at trial); State v. Woinarowicz, 720 N.W.2d 635 , 640-41 (N.D. 2006) *1061 (concluding that there is no confrontation right and, consequently, Crawford does not apply to a pretrial suppression hearing); Vanmeter v. State, 165 S.W.3d 68 (Tex. Ct. App. 2005) (declining to extend Crawford to a pretrial suppression hearing).

 E.g., People v. Harris, 212 Cal. Rptr. 216, 221-22 (Ct. App. 1985); State v. Massengill, 657 P.2d 139, 140 (N.M. Ct. App. 1983).

 E.g., Blevins v. Tihonovich, 728 P.2d 732, 734 (Colo. 1986); State v. Sherry, 667 P.2d 367, 376 (Kan. 1983); State v. Harris, 444 So. 2d 257, 262 (La. Ct. App. 1983); State v. Morrissey, 295 N.W.2d 307, 311 (N.D. 1980); Com. v. Tyler, 587 A.2d 326, 328 (Pa. Super. Ct. 1991); State v. Jones, 259 S.E.2d 120, 122 (S.C. 1979); State v. Padilla, 329 N.W.2d 263 , 268-69 (Wis. Ct. App. 1982).

 Koller v. State, 122 Nev. 223, 226, 130 P.3d 653, 655 (2006).

 Lader v. Warden, 121 Nev. 682, 687, 120 P.3d 1164, 1167 (2005).

 Id.

 To the extent that our language in Felix v. State, 109 Nev. 151, 849 P.2d 220 (1993), superseded by statute on other grounds as stated in Evans v. State, 117 Nev. 609, 28 P.3d 498 (2001); Sheriff v. Vasile, 96 Nev. 5, 604 P.2d 809 (1980); and Routhier v. Sheriff, 93 Nev. 149, 560 P.2d 1371 (1977) is inconsistent with our decision today, Felix, Vasile, and Routhier are clarified.

 Importantly, Witzenburg never exercised his ability, under NRS 171.197(4), to challenge the introduction of the affidavits against him.