Rose, C. L,
concurring:
I concur in the result reached by the majority but disagree with its reasoning. We have historically concluded that the Sixth Amendment Confrontation Clause applies at a preliminary exami *1063 nation. Therefore, I disapprove of today’s departure from this principle and the majority’s conclusion that Crawford v. Washington[1] does not apply at a preliminary examination, without clear direction to the contrary from the United States Supreme Court. I conclude that Witzenburg’s constitutional rights were violated by the use of the alleged-victims’ affidavits at his preliminary examination. However, because of the testimony and evidence introduced at Witzenburg’s preliminary examination, I conclude that the violation of Witzenburg’s constitutional rights was harmless. Accordingly, I concur that the district court’s order granting respondent’s petition should be reversed.

Confrontation Clause violation

As the majority points out, many states afford criminal defendants a preliminary examination. In fact, in Nevada we have concluded that a preliminary examination is constitutionally required to prosecute a felony by information.[2] The preliminary examination “provides important benefits to the defense of an accused,”[3] and its purposes are to end judicial proceedings when there is a lack of evidence[4] and “to protect [the] individual’s right against an unlawful arrest and detention.”[5]
Before today, we have always discussed confrontation at a preliminary hearing as being an absolute and constitutional right and that denial of that right is error.[6] In Felix v. State, we addressed the exclusion of two defendants from their preliminary examination during the victim-witness’s testimony.[7] Because the defendants *1064 were excluded, the victim-witness’s testimony may have been more credible and her cross-examination less effective. We stated, “The right to face-to-face confrontation of witnesses testifying at a preliminary hearing ... is a basic guarantee to all accused of crime.”[8] We then said that “[t]he failure of the justice court to find any necessity in precluding Felix and Ontiveros from the preliminary hearing deprived them of their constitutional right of confrontation.’ ’[9]
Before Felix, in Sheriff v. Vasile, a police officer testified at Vasile’s preliminary examination but invoked the confidential informant privilege and refused to divulge a confidential informant’s identity.[10] On that basis, Vasile argued that his confrontation rights were violated, and Vasile moved for dismissal of the charges against him. In concluding that the magistrate erred by refusing to order the informant’s identity produced, we stated that “the accused at a preliminary examination has the right to cross examine witnesses against him .... Denial of this right by the magistrate is error.”[11]
And in Routhier v. Sheriff, we again dealt with a situation where a magistrate would not order disclosure of an informant’s information and would not continue Routhier’s preliminary examination to allow him to call and examine that witness.[12] We reversed the magistrate’s decision, thereby dismissing the charges against Routhier, for the violation of Routhier’s confrontation rights.[13]
Based on our historical treatment of this issue, I conclude that, without clear direction to the contrary from the United States Supreme Court, the Confrontation Clause and, accordingly, Crawford, should apply at a preliminary hearing. Under Crawford, testimonial hearsay may not be introduced against an accused unless the declarant is unavailable and the accused had a prior opportunity to cross-examine the declarant.[14] Affidavits are considered testimonial hearsay.[15] Therefore, Witzenburg’s confrontation rights were violated when the State introduced the alleged-victims’ affidavits as evidence at Witzenburg’s preliminary examination.

*1065
Harmless error

Although I conclude that the alleged-victims’ affidavits were erroneously introduced in violation of Witzenburg’s rights, this violation was nevertheless harmless.[16] At the preliminary hearing, the magistrate’s role is to determine whether there is ‘ ‘probable cause to believe that an offense has been committed and that the defendant has committed it.”[17] Although the State bears the burden of establishing probable cause, the State “need only present enough proof to support a reasonable inference that the accused committed the offense.”[18]
At Witzenburg’s preliminary examination, various Las Vegas Metropolitan Police Department officers and casino security officers testified that they had viewed casino security surveillance tapes depicting Witzenburg taking the alleged-victims’ property. The surveillance videotapes depicting Witzenburg’s actions were also admitted as evidence. I conclude that the police and security officers’ testimony coupled with the casino surveillance tapes provided sufficient proof to support probable cause that Witzenburg committed the offenses with which he was charged.

CONCLUSION

We have historically interpreted confrontation as being an absolute, and not permissive, right at the preliminary examination stage. Today, without clear direction from the United States Supreme Court, the majority opinion concludes inconsistently with our prior decisions, and merely notes in a footnote that, “to the extent that our language in [Felix, Vasile, and Routhier] is inconsistent with our decision today, [those decisions] are clarified.” I disagree that the Confrontation Clause and Crawford do not apply at a preliminary examination.[19] However, I conclude that Witzenburg’s violation was harmless, and I concur with the *1066 majority that the district court’s order granting Witzenburg’s petition should be reversed.

 541 U.S. 36 (2004).

 See Cairns v. Sheriff, 89 Nev. 113, 116, 508 P.2d 1015, 1017 (1973) (concluding that prosecution by information does not violate due process because of the statutory procedures in place, i.e. the preliminary examination).

 Felix v. State, 109 Nev. 151, 178, 849 P.2d 220, 239 (1993), superseded by rule on other grounds as stated in Evans v. State, 117 Nev. 609, 28 P.3d 498 (2001).

 People v. Hunt, 501 N.W.2d 151, 153 (Mich. 1993).

 Com. v. McBride, 595 A.2d 589, 591 (Pa. 1991). “The consequences of prolonged detention may be more serious than the interference occasioned by arrest. Pretrial confinement may imperil the suspect’s job, interrupt his source of income, and impair his family relationships.” Gerstein v. Pugh, 420 U.S. 103, 114 (1975).

 We have also implied that there is a Sixth Amendment right to confrontation at a pretrial suppression hearing. See Anderson v. State, 109 Nev. 1150, 1152, 865 P.2d 331, 332 (1993) (describing the statutory requirements that had to be met before a witness’s preliminary examination testimony could be used at the defendant’s subsequent suppression hearing and stating, “In essence, [the statute describing when prior testimony can be used in a subsequent proceeding] protects an individual’s right to confront a witness, as guaranteed by the Sixth Amendment of the United States Constitution.”).

 109 Nev. 151, 849 P.2d 220.

 Id. at 178, 849 P.2d at 239 (emphasis added).

 Id. (emphasis added).

 96 Nev. 5, 7, 604 P.2d 809, 810 (1980).

 Id. at 7, 604 P.2d at 810.

 93 Nev. 149, 150-51, 560 P.2d 1371, 1372 (1977).

 Id. We cited to NRS 171.196(4), which is now NRS 171.196(5).

 541 U.S. 36, 68 (2004).

 Id. at 51-52; see also City of Las Vegas v. Walsh, 121 Nev. 899, 905-06, 124 P.3d 203, 207-08 (2005).

 Power v. State, 102 Nev. 381, 384, 724 P.2d 211, 213 (1986) (stating that Confrontation Clause violations are subject to a harmless error analysis).

 NRS 171.206; Parsons v. State, 116 Nev. 928 , 933, 10 P.3d 836, 839 (2000).

 Whittley v. Sheriff, 87 Nev. 614, 616, 491 P.2d 1282, 1283 (1971).

 As an additional point, although Crawford is not a rule of evidence per se, it governs the type of evidence constitutionally admissible against an accused. Only legal evidence is permissible at a preliminary examination, Goldsmith v. Sheriff, 85 Nev. 295, 303, 454 P.2d 86, 91 (1969); therefore, Crawford would govern whether testimonial hearsay is permitted. And at the preliminary examination, the magistrate is permitted to assess witness credibility and make credibility determinations, Marcum v. Sheriff, 85 Nev. 175, 179, 451 P.2d 845, 847 (1969), thus Confrontation Clause policies are strongly implicated.