An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

LIONEL COLLINS, A/K/A LARRY B.
COLLINS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62933

**FILED**

APR 1 0 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge.

On appeal from the denial of his petition, appellant contends that the district court erred in denying his claims of ineffective assistance of counsel and declining to hold an evidentiary hearing. To prove ineffective assistance of counsel sufficient to invalidate a judgment of conviction based on a guilty plea, a petitioner must demonstrate that his counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996). Both components of the inquiry must be shown. *Strickland v. Washington*, 466 U.S. 668, 697 (1984). To warrant

SUPREME COURT
OF
NEVADA

(O) 1947A

14-11423

an evidentiary hearing, a petitioner must raise claims that are supported by specific factual allegations that are not belied by the record and, if true, would entitle him to relief. *Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984).

First, appellant argues that trial counsel was ineffective for failing to conduct a proper investigation before appellant pleaded guilty. Appellant failed to demonstrate deficiency or prejudice, as he did not provide specific factual allegations as to what counsel should have done or how further investigation would have affected appellant's decision to plead guilty. *See id.* Therefore, the district court did not err in denying this claim.

Second, appellant argues that trial counsel was ineffective for failing to object to expert testimony at the preliminary hearing and for failing to challenge the testimony in a pretrial petition for a writ of habeas corpus. Appellant contends that the expert's testimony about the victim's cause of death violated the Confrontation Clause because the expert was not the person who conducted the autopsy on the victim. Appellant failed to demonstrate deficiency or prejudice. A defendant has no constitutional right to confrontation at preliminary hearings. *See Sheriff v. Witzenburg*, 122 Nev. 1056, 1062, 145 P.3d 1002, 1006 (2006). Thus, any objection or challenge to the expert's testimony on this basis would have been futile. *See Ennis v. State*, 122 Nev. 694, 706, 137 P.3d 1095, 1103 (2006) (stating that counsel cannot be deemed ineffective for failing to make a futile objection). Therefore, the district court did not err in denying this claim.

Because appellant's claims did not entitle him to relief, the district court did not err in denying the petition without an evidentiary hearing. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc: Hon. Kathleen E. Delaney, District Judge
Christopher R. Oram
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk