An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

ANGELA YAVA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63932

**FILED**

MAY 12 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _S. Young_
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of transportation of a controlled substance and conspiracy to violate the Uniform Controlled Substances Act. Fourth Judicial District Court, Elko County; Nancy L. Porter, Judge.

Appellant Angela Yava contends that NRS 453.321(1)(a) is "unclear" and that "transportation has to mean something more than the mere movement of goods from one place to another."[1] Yava claims that "she was in possession of personal use amounts of methamphetamine" when she was arrested and "that the amount of controlled substance and the originating location of that substance should be taken into consideration when determining if in fact . . . transportation has occurred." We disagree.

---

[1]NRS 453.321(1)(a) provides that "it is unlawful for a person to . . . [i]mport, transport, sell, exchange, barter, supply, prescribe, dispense, give away or administer a controlled or counterfeit substance."

SUPREME COURT
OF
NEVADA

(O) 1947A

14-15309

There is no indication in the record that Yava objected to the criminal information or the verdict form, and defense counsel expressly stated for the record that she had no objection to the instructions provided to the jury, including the instruction on the elements of "transportation of a controlled substance." *See Grey v. State*, 124 Nev. 110, 120, 178 P.3d 154, 161 (2008) ("Failure to object below generally precludes review by this court; however, we may address plain error and constitutional error *sua sponte*." (internal quotation marks omitted)). Additionally, Yava fails to offer any persuasive authority or argument in support of her claim that the definition of "transport" is unclear. *See State v. Catanio*, 120 Nev. 1030, 1033, 102 P.3d 588, 590 (2004) (a statute is ambiguous when it "lends itself to two or more reasonable interpretations"); *see also State v. Lucero*, 127 Nev. ___, ___, 249 P.3d 1226, 1228 (2011) ("[W]e review questions of statutory interpretation de novo."); *Sheriff v. Witzenburg*, 122 Nev. 1056, 1061, 145 P.3d 1002, 1005 (2006) (stating that we will not look beyond statutory plain language when the meaning is clear). Yava fails to demonstrate that her substantial rights were affected, *see* NRS 178.602; *Green v. State*, 119 Nev. 542, 545, 80 P.3d 93, 95 (2003) ("[T]he burden is on the defendant to show actual prejudice or a miscarriage of justice."),

and we conclude that she is not entitled to relief. Accordingly, we

ORDER the judgment of conviction AFFIRMED.[2]

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. Nancy L. Porter, District Judge
       Elko County Public Defender
       Attorney General/Carson City
       Elko County District Attorney
       Elko County Clerk

---

[2]The fast track statement submitted by counsel for Yava does not comply with the applicable formatting requirements because the brief utilizes a proportionally-spaced typeface that is not 14-point or larger and the footnote is not in the same size as the body of the brief. *See* NRAP 32(a)(5); *see also* NRAP 3C(h)(1) (requiring fast track filings to comply with the formatting requirements of NRAP 32(a)(4)-(6)). Counsel for Yava is cautioned that the failure to comply with the briefing requirements in the future may result in the imposition of sanctions. *See* NRAP 3C(n).